STATE OF IOWA, Appellee, v. A. J. BOYD, Appellant.

**WITNESSES:** Cross-Examination—Conviction of Crime. It is not
1    reversible error to permit the State to establish, on cross-examination of a witness, that he has been convicted of a specific crime.

**CRIMINAL LAW:** Evidence—Weight and Sufficiency—Alibi. The
2    court must not specifically single out testimony by members of the defendant's family tending to establish an alibi for the defendant, and state to the jury that such testimony is easily manufactured.

**RECEIVING STOLEN GOODS:** Innocent Possession and Felonious
3    Concealment. An instruction which, in effect, directs the jury to convict an accused even though his original possession of stolen property was innocent, if he later obtained knowledge that the property had been stolen and thereafter feloniously concealed it, is not erroneous because it failed to state that such knowledge must have come to the accused prior to the return of the indictment.

**CRIMINAL LAW:** Argument—Failure of Accused to Testify.  Prin-
4  ciple reaffirmed that the county attorney may, in argument and in
a case wherein the accused is not a witness, assert that certain
testimony stands uncontradicted, even though the defendant is the
only person who could make such contradiction.

*Appeal from Van Buren District Court.*—SENECA CORNELL,
Judge.

JUNE 22, 1923.

THE defendant was indicted, tried, and convicted in the
court below of the crime of receiving stolen property.  From a
judgment sentencing him to the penitentiary for a term of not
to exceed five years, he appeals.—*Reversed.*

*Lloyd L. Duke, Hugh R. Sloan,* and *W. S. Allen,* for ap-
pellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, and *Ralph H. Munro,* County Attorney, for
appellee.

· STEVENS, J.—I.  The defendant is the same as the defend-
ant in *State v. Boyd,* 195 Iowa 1091.  Many of the propositions
relied upon for reversal in this case were decided adversely to
the contention of appellant in the prior case, and as to all such
propositions the decision is controlling.  A witness who was
present when the search was made of the premises of the de-
fendant for stolen goods testified that he saw some rifles and
guns standing by the door, and that there was a revolver lying
on the counter.  Just what relevancy or materiality the State
claims for this testimony does not appear.  The objection should
have been sustained.  It is, however, inconceivable that preju-
dice could have resulted from its admission.  So far as is dis-
closed by the record, it was not referred to in argument, or
otherwise pressed upon the attention of the jury.

II.  Appellant also complains because he was not permitted
to prove a conversation between one Freshwater and the witness
Hoskinson, the thief who stole and delivered the goods to the
defendant, prior to the date on which the State claimed an ar-

rangement was made between Hoskinson and appellant, by which the former agreed to steal merchandise and sell it to the latter at his store in Fairfield. The conversation referred to, in effect, amounted to a proposition from Hoskinson to Freshwater to assist him in the crime of breaking and entering box cars, for the purpose of. stealing and selling merchandise, and requested the use of his automobile in carrying out the proposal. The evidence was clearly inadmissible, and the court correctly ruled.

III.  The court permitted counsel for the State to cross-examine one of defendant's witnesses as to a previous conviction of the crime of gambling. Counsel was permitted to pursue

1. WITNESSES: cross-examination: conviction of crime.

the inquiry somewhat further than is ordinarily permitted, but he elicited nothing further than the fact of the prior conviction. The ruling does not present a ground for reversal.

IV. ` The defendant also offered evidence of an alibi. The witnesses examined in his behalf testified that the goods described in the indictment and referred to in the evidence were

2. CRIMINAL LAW: evidence: weight and sufficiency: alibi.

purchased by appellant's wife, and received by her from Hoskinson during appellant's absence, and under the belief on her part that Hoskinson was a traveling salesman, and without any knowledge whatever that the merchandise had been stolen. The court gave the usual alibi instruction, with the exception of the following:

"Testimony tending to establish an alibi, being usually from members of the defendant's family and easily manufactured, should be closely scrutinized and carefully considered."

The portion of the instruction criticized is that relating to . the testimony of defendant's family. The wife of appellant was a very material witness in his defense, and her testimony tended to show that appellant was absent upon both occasions when the merchandise was purchased, and also when it was received by her at the store. Her testimony was corroborated by that of other witnesses. The portion of the instruction criticized should not have been given. The defense of alibi, although easily manufactured, is, nevertheless, a legitimate one, and is, sometimes at least, supported by the testimony of witnesses of the highest character. The jury may have misunderstood the

purpose and intention of the court in this instruction. The in-
struction tended to single out the testimony of appellant's wife
for particular scrutiny and to cast some suspicion upon it. Her
testimony was very material, and, if true, exonerated the ap-
pellant from participation in the purchase and immediate re-
ceipt from the thief of the stolen merchandise. The error was
not cured by the further language of the instruction, which re-
quired the jury to carefully scrutinize and consider all of the
testimony introduced to sustain this defense. We cannot escape
the conviction that the instruction was both erroneous and
prejudicial.

V. The court also instructed the jury, in effect, that the
defendant could not be convicted of receiving stolen property if
it was delivered to his wife, in his absence and without his
knowledge, unless he retained it or secreted or
assisted in secreting it in the store, after he
learned that it had been stolen. The complaint
of this instruction is that it does not tell the
jury that such knowledge must have come to the appellant, and
that the act of retaining and secreting the same must have been
performed prior to the date the indictment was returned. The
court gave the usual instruction, that the crime must have been
committed prior to the finding of the indictment and within the
period of the statute of limitations. Furthermore, the evidence
of the State tended to show that, prior to ·the receipt of the
merchandise in question at appellant's store, he entered into
an arrangement with Hoskinson by which he agreed to purchase
stolen merchandise from him and to provide a conveyance there-
for from the point where it was stolen to his store. The court
might well have instructed the jury as suggested by appellant,
but we are clear, from the record as a whole, that the omission
was not prejudicial.

3. RECEIVING
STOLEN GOODS:
innocent posses-
sion and felo-
nious conceal-
ment.

VI. Misconduct on the part of the county attorney in
argument is also urged as a ground for reversal. The previous
case was reversed upon this ground, and we confess that the
language of the county attorney in this case
does not merit approval. The defendant did
not take the stand in his own behalf, and it is
evident that the county attorney endeavored, without any direct

4. CRIMINAL LAW:
argument: fail-
ure of accused
to testify.

reference thereto, to use that. fact in argument. We have held, however, that it is not reversible misconduct for the prosecutor· to call the attention of the jury to the record, and to state that the evidence as to any matter contained therein is uncontradicted. *State v. Hasty,* 121 Iowa 507; *State v. Biewen,* 169 Iowa 256. Also, he may state in argument that, in his opinion, the defendant is guilty. *State v. Shultz,* 177 Iowa 321; *State v. Robinson,* 170 Iowa 267.

The county attorney appears to have kept within the rule of the above cases. We do not deem it necessary to set out the portions of the argument complained of, nor to discuss the matter at length. The other matters discussed by counsel for appellant were passed upon in the previous case, and, while it is suggested that the court may have misunderstood the contention of counsel as to some of these matters, we are satisfied with the ruling announced.

On account of the error pointed out in the ·instruction relating to the defense of. alibi, the. judgment of the court below must be and is—*Reversed.*

WEAVER, EVANS, ARTHUR, and FAVILLE, JJ., concur.