STATE OF IOWA, Appellee, v. A. J. BOYD, Appellant.

CRIMINAL LAW: Reasonable Doubt—Lack of Evidence. An instruc-
1   tion to the effect that a reasonable doubt may arise ''from a con-
    sideration of the whole case'' embraces a consideration of the *lack*
    of evidence.

CRIMINAL LAW: Argument—Relationship of the Parties and Failure
2   to Call Witness. It is not improper for the public prosecutor in
    argument to refer to the relationship existing between the accused
·   and his witnesses, and to the failure of the accused to call a wit-
    ness who was material to his defense and available to him and
    not available to the State.

Headnote 1:   16 C. J. p. 997.   Headnote 2:   16 C. J. pp. 900 (Anno.),
904.

*Appeal from Henry District Court.*—OSCAR .HALE, Judge.

OCTOBER 17, 1924.

REHEARING DENIED APRIL 8, 1925.

DEFENDANT was indicted for the crime of receiving stolen
property. He was convicted by a jury, and the value of the
property was found to be $344.10. Judgment. was entered upon
the verdict. Defendant appeals.—*Affirmed.*

*Lloyd L. Duke* and *D. W. Bates,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, *John Barwise,* County Attorney, and *Ralph
H. Munro,* Special Prosecutor, for appellee.

PRESTON, J.—1. This is the third appeal to this court in
this matter. See same title, 195 Iowa 1091; 196 Iowa 226. The
first trial was in Jefferson County, where defendant lived; and
on the second trial, a change of venue was taken to Van Buren
County; and this last trial in the district court was tried on
change of venue in Henry County. The case appears to have
been hard fought. Nothing has been overlooked by counsel for

defendant. Some of the propositions now raised have little merit, and some of the others were disposed of on prior appeals. The evidence was sufficient to take the case to the jury and to sustain the verdict, notwithstanding the claim by appellant that he was acquitted in Washington County by a jury on a charge growing out of the transaction, wherein, it is alleged, the evidence was practically the same as herein. One jury may find one way and another the other way in either a civil or a criminal case, upon the same evidence. Such a thing is not unknown. It depends upon the make-up, mental attitude, and temperament of the jurors. The argument is directed mainly to this point, and seems to be the proposition most relied upon.

2. Appellant has argued at some length that the district court had no jurisdiction, because there was no application for a change of venue by the defendant, and that the court transferred the case on its own motion. This is answered by the attorney-general at some length, and reasons are given why, defendant consenting, there was jurisdiction. Later, upon discovering that there had been an application for a change of venue, and that it had been sustained, the attorney-general sets out an additional abstract showing such facts, and we find a pencil notation in appellant's argument on this point: ''Strike out. Change regular.'' Nothing further need be said on this proposition.

3. On the question as to the alleged want of corroboration of an accomplice, it was held on the first appeal that witness Hoskinson was not an accomplice in the transaction under the present indictment, and that the witness was abundantly corroborated. 195 Iowa, supra, at 1094.

4. On the second appeal, the case was reversed on account of error in the instruction relating to the defense of alibi. The objectionable language is not contained in the instruction given on this trial, and it is in harmony with our prior decisions. State v. Gulliver, 163 Iowa 123, 141; State v. Whitbeck, 145 Iowa 29, 39.

5. The point is made that the instruction on reasonable doubt does not correctly state the law. The proposition is very briefly stated, and without citation of authority. It is thought

1. CRIMINAL LAW: reasonable doubt: lack of evidence. that the instruction is erroneous in that it failed to instruct the jury that a reasonable doubt might be predicated upon a lack of evidence, as well as upon the evidence introduced. We have held that an instruction on reasonable doubt which, as herein, contains the phrase "arising from a consideration of the whole case," includes a consideration of the lack of evidence. *State v. Ritchie,* 196 Iowa 352, 362.

6. Complaint is made and error assigned as to the alleged misconduct of the prosecutor in his argument to the jury. The prosecutor commented upon the failure of the defendant to use

2. CRIMINAL LAW: argument: relationship of the parties and failure to call witness. his stepson, Ray, as a witness. The record clearly connects Ray with these transactions; he drove defendant's truck and assisted with the transporting of the stolen property to defendant's store in Fairfield. It is claimed that Ray had been subpoenaed by the State, but, when objection was made by defendant to the argument, the prosecutor stated that he could not compel Ray to testify. The inference is that this was the reason why Ray was not used by the State. We think it was fair argument. *State v. Peirce,* 178 Iowa 417, 440.

Complaint is also made of the reference in argument to the testimony of Mrs. Boyd, the wife of defendant. Reference was made to her relationship to the defendant and to her son Ray. We see no impropriety in referring to such relationship, as bearing upon her interest and the weight of her testimony.

It is further complained that the prosecutor referred to the transcript of evidence of a witness on the preliminary. The record is not very clear about this. It appears that the statements of the prosecutor were in response to argument by counsel for defendant, or at least partly so. He was referring to the discrepancies claimed by the defendant in the testimony of Hoskinson, and claimed that there was no discrepancy of importance. The prosecutor referred to the evidence as having been taken at the preliminary by defendant's stenographer, and it seems to have been claimed that the State also had a stenographer. However this may be, the defendant's stenographer was used as a witness. Counsel for defendant seems to have interpreted the county attorney's remarks as though he was re-

ferring to the testimony of the State's stenographer; but the prosecutor said, "I am calling their attention to the testimony that was introduced in this case."

Other claimed misconduct is referred to, but we think it is unnecessary to go into further detail. As we view it, there was nothing inflammatory or prejudicial in the argument complained of.

Some other matters are argued, which we have considered. They are matters of minor importance, or matters disposed of on the prior appeals. In our opinion, there is no prejudicial error shown. The judgment is, therefore,—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.