STATE of Iowa, Appellee,

v.

**John WHITE, Appellant.**

No. 57342.

Supreme Court of Iowa.

Jan. 22, 1975.

Gerald T. Sullivan, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Jim P. Robbins, Asst. Atty. Gen., and Jared O. Bauch, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of larceny in violation of section 709.1, The Code, 1973. Following his plea of not guilty, he was tried to a jury and convicted. Defendant's motion for new trial was overruled, he was sentenced, and now appeals.

Defendant was charged specifically with the theft of a quantity of soybeans, which were allegedly taken from a storage bin on farm premises belonging to one Brandt. Brandt had employed defendant as a hired man and had provided him a farm home.

The trial was hotly contested. The issues presented for review have to do with claimed prosecutorial misconduct, and grow out of statements made by the county attorney during his final closing argument. In that argument the county attorney commented on the failure of defendant to call witnesses available to him, including his wife. Defendant now claims such statements violated defendant's right to due process.

The final arguments of counsel to the jury were reported and appear in full in the transcript of the trial proceedings. Defendant takes no issue with any part of the county attorney's opening argument to the jury, but directs his assertion of prosecutorial misconduct to statements of the county attorney in his closing argument.

In that argument, the county attorney criticized defendant for failing to produce Sammy Smothers, a nephew, and Raymond Pelts, a brother-in-law of defendant. He also asked the jury to conjecture upon the reason for the absence of defendant's wife and defendant's failure to produce her as a witness. There were three references in the State's final argument to the failure of defendant to call his wife as a witness and in all seven references to defendant's failure to produce one or more witnesses, including Smothers and Pelts.

■ I. Defendant first objected to the statements complained of here in his motion for mistrial made immediately following arguments to the jury and before the jury was instructed and retired to deliberate. The State contends the objections so lodged were belatedly made.

We have said that where the closing arguments are reported, certified and constitute a part of the record, objection to the remarks of counsel during final jury argument urged at the close of the argument and in a motion for mistrial made before submission to the jury, is timely. Andrews v. Struble, 178 N.W.2d 391, 401–402 (Iowa 1970). See also cases there cited.

We therefore conclude the State's contention defendant's objection to the allegedly improper argument was not timely is not well taken.

■ II. The reference by the county attorney to the failure of defendant to produce his wife as a witness was improper argument and necessitates a reversal of this case.

This court dealt with the identical question in State v. Levy, 160 N.W.2d 460, 464 (Iowa 1968). At page 464 we said:

"Section 622.7, Code, 1966, provides in part:

"*Husband or wife as witness.* Neither the husband nor wife shall in any case be a witness against the other, except:

[exceptions not pertinent here].

"There is no reason to believe the attorney prosecuting the case at bar was not fully aware of this statute, and if he knew not of it when trial commenced, defense counsel and trial court promptly alerted him to its existence.

"Despite that fact he repetitiously sought to impress upon the minds of the jurors, defendant's wife could reveal vital information if allowed to do so. This was aggravated by continuous reference to the matter in spite of constant objections by defense counsel and futile admonitions by trial court to desist, even to the point of cautioning a mistrial would be declared if the prosecutor continued in his efforts to abuse the statutory husband-wife privilege. Stated otherwise, the county attorney's assistant repeatedly endeavored by insinuations, inferences and innuendoes, both in presentation of evidence and arguments, to indelibly impress upon the minds of the jurors defendant

**106**

was designedly suppressing his wife's testimony which, if given, would be damaging to him."

We are mindful that as distinguished from the factual situation present in State v. Levy, there were no "constant objections by defense counsel" in the instant case to the county attorney's improper argument. The objections were nonetheless timely made under our holdings in Andrews v. Struble, however, and the excerpt from State v. Levy, *supra*, appertains. See also 23A C.J.S. Criminal Law § 1099b, page 181, 75 Am.Jur.2d, Trial, § 248, page 328, and citations.

■ III. With reference to the statements of the county attorney having to do with the failure of defendant to call Raymond Pelts and Sammy Smothers as witnesses, we have made a detailed examination of the record and the transcript of the proceedings in this case.

We have said that where prosecutor's remarks were provoked by and were in reply to comments of defense counsel, a reference to a failure to produce witnesses is permissible. See State v. O'Kelly, 211 N.W.2d 589, 597 (Iowa 1973); State v. Sage, 162 N.W.2d 502, 504 (Iowa 1968). The county attorney's reference to defendant's failure to produce the witnesses Pelts and Smothers was not in response to argument made by defendant's counsel. Nor do we find anything in the record of the evidence before the jury to justify the statements made by the prosecutor.

We conclude the statements made by the county attorney in his final argument concerning defendant's failure to produce certain witnesses, particularly his wife, were unfairly prejudicial to defendant and necessitate reversal.

This case is therefore reversed and remanded for a new trial.

All Justices concur, except UHLENHOPP, J., who concurs specially.

UHLENHOPP, Justice (concurring specially).

I agree that the judgment must be reversed because of the prosecutor's comments on defendant's failure to call defendant's wife as a witness. State v. Levy, 160 N.W.2d 460 (Iowa). I think however that the prosecutor's comments on defendant's failure to call other witnesses was proper. A prosecutor may comment on the failure of an accused to call witnesses who are competent to testify and available. 23A C.J.S. Criminal Law § 1099, at pp. 175–177; 75 Am.Jur.2d Trial § 247 at p. 326. See also State v. O'Kelly, 211 N.W.2d 589, 597 (Iowa); State v. Allison, 260 Iowa 176, 182, 147 N.W.2d 910, 913; State v. Boyd, 199 Iowa 1206, 1208, 200 N.W. 205, 206. The present case meets this test.