## STATE *vs.* LEMUEL PRICE.

1. **CRIMINAL LAW—EVIDENCE OF OTHER CRIMES ADMISSIBLE TO SHOW MOTIVE.**

   In prosecution for shooting an officer who went to the home of accused to arrest him, evidence that after the shooting there was found in the house property which accused admitted had been stolen by him was admissible as tending show motive.

2. **HOMICIDE—DUTY OF COURT TO INSTRUCT AS TO DEGREE.**

   Since jury may find accused guilty of murder in the first degree as charged in the indictment, guilty of murder in the second degree, guilty of manslaughter or not guilty, it is the duty of the court to define murder in the first degree, murder in the second degree, and manslaughter.

3. **CRIMINAL LAW—PROOF OF GUILT BEYOND A REASONABLE DOUBT.**

   If upon the whole case there remains in the minds of the jurors a reasonaable doubt of guilt growing out of the evidence, or founded on the want of complete evidence and such as would sway the mind of a reasonable man and prevent him from coming to a satisfactory conclusion of guilt, the accused should have the benefit of such doubt.

4. **ARREST—OFFICER MAY ARREST WITHOUT WARRANT ON SUSPICION OF FELONY.**

   If an officer has reasonable cause to suspect that a person has committed a felony, he has authority to arrest him without warrant.

5. **HOMICIDE—SELF-DEFENSE IN RESISTING ARREST BY KNOWN PEACE OFFICER.**

   If officer shot by accused at the time he attempted to arrest accused had good grounds to suspect that accused had committed a felony, he had authority to make the arrest, and for that purpose had the right to enter accused's home in a peaceable manner, and use as much force as was reasonably necessary to effect the arrest, and accused had no right to resist, provided he had good reason to know that officer was a peace officer and was given to understand that he was under arrest.

(*December* 1, 1919.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*David J. Reinhardt,* Atty-Gen., and *P. Warren Green,* and *Frank L. Speakman,* Deputy Attys-Gen., for the State.

*William S. Hilles* and *Robert H. Richards* for the accused.

Court of Oyer and Terminer, for New Castle County, November Term, 1919.

INDICTMENT No. 58, November Term, 1919.

Lemuel Price was indicted for murder of the first degree. Verdict guilty.

Evidence—Opinion—Charge.

The state introduced evidence to show that Z., a police officer of the city of Wilmington, went to the home of the accused to arrest him. The accused resisted and in doing so pushed the officer back to a couch from which he picked up a revolver and shot the officer, killing him instantly.

[1] At the trial, G., also a policeman, was called by the state to testify to the searching of defendant's house immediately after the murder and the finding therein of various articles of personal property, together with admissions of the accused that the articles were stolen by him. Counsel for the accused objected.

The state contended that evidence was admissible to show motive of accused in resisting arrest and killing the officer. Citing 6 *Ency. on Evidence*, 725, 732, 734; 2 *Whart. Crim. Ev.* 1689, § 899; 68 *S. W.* 267; 35 *L. R. A. (N. S.)* 530.

Counsel for accused replied that the circumstances of the killing having been shown by direct evidence, testimony of other crimes committed by the accused was inadmissible.

PENNEWILL, C. J.:—Upon the offer of the state to show that immediately after the shooting there was found in the house property which the accused admitted was stolen by him, we admit the testimony, as tending to show motive.

PENNEWILL, C. J., charging the jury:

The defendant is charged in the indictment with murder of the first degree.

The state contends that the defendant on the thirteenth day of November of the present year between the hours of ten and eleven o'clock in the morning, at his home, 818 E. Sixth Street in this city, without excuse, justification, or provocation, deliberately, designedly, and with express malice aforethought shot and killed a police officer, Thomas Zebley, while attempting to arrest the defendant for suspected felony.

[2] In this case, you may find the prisoner guilty of murder of the first degree, as charged in the indictment, guilty of murder of the second degree, guilty of manslaughter, or not guilty, as the evidence in your judgment shall warrant.

It becomes the duty of the court, therefore, to define for you, as clearly as we can, murder of the first degree, murder of the second degree, and manslaughter. (Which the court did as in *State v. Russo*, 1 *Boyce*, 538, 77 *Atl.* 743.)

[3] In every criminal case, it is incumbent on the state to prove the guilt of the prisoner beyond a reasonable doubt, and, if upon the whole case there remains in your minds a reasonable doubt of the guilt of the prisoner growing out of the evidence, or founded on the want of complete evidence, and such as would sway the mind of a reasonable man and prevent his judgment from coming to a satisfactory conclusion of his guilt, it is a principle of law that the prisoner shall have the benefit of such doubt.

But the defendant contends that in no event can he be convicted of a higher crime than manslaughter because, the deceased officer having no warrant authorizing him to take the defendant, he had no authority under the laws of this state to arrest him and was, therefore, a trespasser in the prisoner's home; that the prisoner in such case had a right to resist the officer to the extent of preventing his arrest, and if in such resistance the officer was killed without malice on the prisoner's part he could be guilty of nothing more than manslaughter.

The state contends that the deceased officer had authority to arrest the defendant and exercised his authority in a lawful manner; that he was seeking to arrest the defendant for the commission of a felony, to wit, larceny, which he had reasonable grounds to suspect the defendant had committed; that he entered the prisoner's home in a peaceable manner, after knocking at the door and receiving no response, and used no more force in attempting to make the arrest than was reasonably necessary to accomplish his purpose; that the deceased was dressed in his policeman's uniform and took the defendant by the arm saying, "I want you," which was equivalent to saying, "You are under arrest."

In support of its contention, the state invokes the common law rule which makes it lawful for a peace officer to make an arrest for felony without a warrant.

The state also cited a decision in this state in which the court said:

"A peace officer * * * has a right to arrest, even without warrant, a person concerned in a breach of the peace, or other crime; or when he has reasonable ground to suspect the party of such offense." *State v. Brown,* 5 *Har.* 505.

The court are of the opinion that the common law rule above stated which has been followed in some states without statutory enactment, and notably in Massachusetts, is the reasonable rule, and the one that would most effectually protect peace officers, who are entitled to the greatest protection, and best conserve the public security.

The common law rule does not in our opinion conflict with any decision in this state when the facts of the cases are considered. The cases relied upon by the defendant to support his contention that the deceased officer had no authority to make the arrest because he had no warrant, are the following: *State v. Oliver,* 2 *Houst.* 605; *State v. Ward,* 5 *Har.* 496 (500); *State v. List, Houst. Cr. Cas.* 143.

In none of those cases was it shown that the person seeking to make the arrest had reasonable grounds to believe that a felony had been committed. In one of the cases the officer who had been deputized to make the arrest sought to deputize another, and the court held the authority bad.

In another the offense for which the person was sought to be arrested was not a felony, but a misdemeanor. In the third case, it was held that the lawful authority to arrest was exercised in an unlawful manner.

[4] So it appears that the question we are now discussing is distinctly presented to the court for the first time in this state; and we hold, that if an officer has reasonable cause to suspect that a person has committed a felony he has authority to arrest him without a warrant, and such person has no right to resist the officer if the latter uses no greater force than is reasonably necessary to make the arrest.

[5] And so we say, that if you believe from the testimony that officer Zebley at the time he attempted to make the arrest had good grounds to suspect that the defendant had committed a felony, he had authority to make the arrest and for that purpose

had the right to enter the prisoner's home, in a peaceable manner, and use so much force to effect the arrest as was reasonably necessary, and under such circumstances the defendant had no right to resist the officer, provided he had good reason to know he was a peace officer and was given to understand he was under arrest.

Verdict guilty of murder of the first degree.