STATE OF IOWA, Appellee, v. LLOYD E. PATRICK, Appellant.

**WITNESSES: Impeachment—Contradictory Statements.** It may always be shown that a witness has made material statements out of court contradictory of his material statements in court if proper foundation has been laid in the cross-examination. (See Book of Anno., Vol. 1, Sec. 11255, Anno. 23 *et seq.*)

**WITNESSES: Impeachment—Form of Question.** The question used as the foundation for the impeachment of a witness by showing that the witness has made statements out of court contradictory of his statements in court, and the question asked the impeaching witness, do not necessarily have to be in the same words.

**WITNESSES: Competency—Mental Competency—Duty of Court.** It is the duty of the court, on proper hearing, to determine whether a proffered witness is mentally competent to testify as such.

**RAPE: Evidence—Mental Condition—Burden of Proof.** In a prosecution for unlawfully having carnal knowledge of an imbecile, the State must establish the imbecility of the prosecutrix beyond all reasonable doubt. Testimony held to present a jury question.

**CRIMINAL LAW: Instructions—Limiting Jury to Testimony.** Juries should not be directed to determine a criminal prosecution solely on the instructions of the court and on the testimony ''*offered,*'' or on the testimony actually ''*before them.*'' (See Book of Anno., Vol. 1, Sec. 13917, Anno. 9 *et seq.*)

Headnote 1: 40 Cyc. pp. 2687, 2719. Headnote. 2: 40 Cyc. pp. 2732, 2740. Headnote 3: · 40 Cyc. pp. 2242, 2243. Headnote 4: 33 Cyc. pp. 1453, 1492 (Anno.), 1501. Headnote 5: 16 C. J. p. 1006.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

FEBRUARY 16, 1926.

THE defendant was indicted and convicted of rape on an

imbecile. From sentence on the conviction he appeals.—*Reversed and remanded.*

*Havner, Flick & Powers, Henry Negus, A. E. Maine,* and *Ray Yenter,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Edward L. O'Connor,* County Attorney, for appellee.

ALBERT, J.—It is seriously urged that there is no corroborative evidence in this case pointing out appellant as the person who committed the crime. Such evidence is very scant, as will hereinafter appear. Whatever evidence there is of a corroborative nature comes from Mrs. Irons, the mother of the girl on whom it is claimed the act was perpetrated.

1. WITNESSES: impeachment: contradictory statements.

The alleged crime is said to have been committed at the office of appellant, who is an eye, ear, nose, and throat specialist. Mrs. Irons went to the office for the girl, and took her home in an automobile. She testifies that the girl complained to her at the office, also on the way home, and after they reached their home. She also testifies to having been exercised over the absence of the girl, and other facts which will be hereinafter set out. Inquiry was then made of her as to a certain conversation had between herself and one Mrs. Kehler. She was asked:

"Q. Now I will ask you if you did not state to Mrs. Kehler, down at your home, that you didn't know anything was wrong, or suspicion anything wrong, that had taken place in Dr. Patrick's office. A. I did not. Q. Didn't you say that, in substance, to her? A. No, sir. Q. And that you never suspicioned there was anything wrong that occurred at Dr. Patrick's office until you had got home? A. No, sir."

The witness Mrs. Kehler was later put upon the stand, and the following occurred:

"Q. Did you have any conversation after that time with Mrs. Irons regarding this matter? A. Yes. Q. I will ask you if, in the second conversation you had with Mrs. Irons, if Mrs. Irons did not state to you that [here interruption occurred, the question started was read, and the examiner proceeded] that

she did not suspicion there was anything wrong when she was at the office, and did not suspicion that there was anything wrong until she got home that evening—[Objected to as incompetent, irrelevant, and immaterial. Mrs. Irons was not asked a single question as to any conversation she had with this witness.]

"The Court: Sustained. [Defendant excepts.]"

It is apparent that this effort on the part of appellant was to impeach the testimony of Mrs. Irons by showing that she had made statements inconsistent with what she had given on the witness stand. The court and counsel seem to have overlooked the cross-examination of Mrs. Irons in this respect. The rule governing such impeachment is too well known to need citation of authority here. The State seeks to avoid this situation by citing authority, and claiming that the offered testimony was an attempt to impeach a matter wholly collateral and immaterial. We do not agree with the State in this respect. As heretofore shown, Mrs. Irons had testified that she was advised by her daughter, before they left the office, again on the way home, and after they reached home, that she had been assaulted by appellant. If she subsequently told Mrs. Kehler that she had not "suspicioned" anything wrong between the doctor and her daughter until after she got home, it was certainly a material matter, and would go to the weight of her testimony; and, if believed by the jury, would impeach Mrs. Irons's testimony in this respect. See *Borough v. Minneapolis & St. L. R. Co.,* 191 Iowa 1216; *In re Estate of Champion,* 190 Iowa 451; *Rose v. City of Ft. Dodge,* 180 Iowa 331.

The question used as the foundation for the impeachment and the one propounded to the impeaching witness need not be in the exact words. *Borough v. Minneapolis & St. L. R. Co.,* supra; *Black v. Miller,* 158 Iowa 293; *Canfield v. Chicago, R. I. & P. R. Co.,* 142 Iowa 658; *West v. Averill Grocery Co.,* 109 Iowa 488; *Shebeck v. National Cracker Co.,* 120 Iowa 414; *McDivitt v. Des Moines City R. Co.,* 141 Iowa 689. Under the situation in this case, we feel that it was prejudicial error to prevent this impeachment.

2. WITNESSES: impeachment: form of question.

It is next urged that the court erred in permitting the

prosecuting witness, Verna Irons, to be used as a witness, on the ground of her mental incompetency.  We have settled the proposition in this state, under Section 11254, Code of 1924, that the competency of the witness in cases of this character is for the court to determine.  *State v. Alberts,* 199 Iowa 815.

3. WITNESSES: competency: mental competency: duty of court.

The question, therefore, is whether or not the court erred in permitting her to testify.  After having studied the record with care, we are not disposed to disturb the court's ruling in this respect.  It is true that her evidence is very unsatisfactory, and in many instances contradictory; but, at the same time, we are not disposed to reverse the court in this respect.

In the prosecution of a charge of this kind, imbecility is an essential element, and the fact of such imbecility must be established beyond a reasonable doubt.  *State v. Haner,* 186 Iowa 1259.  It therefore becomes the burden of the State to establish beyond a reasonable doubt that Verna Irons was a female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance.  Section 4758, Code of 1897.  The following is the testimony introduced to support this allegation.  Dr. Bennett testifies:

4. RAPE: evidence: mental condition: burden of proof.

"I don't think she possesses sufficient mentality to resist an assault upon her virtue as well as an ordinary woman."

Dr. Brennan testifies:

"From my experience in treating mental diseases, a girl whose chronological age was six years, eight months, could resist an assault made upon her virtue.  Practically she could resist as well as a normal woman,—probably not."

In explanation of this testimony, it might be said that the doctor previously testified that, while this girl was nearly 17 years of age, she had a mental age of about 6 years and 8 months.

Dr. Reed testifies that Verna Irons was a Mongolian type of imbecile, and that, as such type, she could not resist an assault made upon her virtue as well and as thoroughly as a normal virtuous woman.  The testimony on this proposition is not very strong, but in our opinion is sufficient to carry the question to the jury.

. Among other instructions, the court gave one containing the following:

"You are to try and determine this case according to the evidence produced and submitted to you in open court on this trial, and the law given you in charge by the court in these instructions, and upon nothing else."

Complaint is lodged against this instruction in that it unduly limits the jury in the consideration of the case, as far as the evidence is concerned. It says, in words, that the case is

5. CRIMINAL LAW: instructions: limiting jury to testimony.

to be determined according to the evidence produced and submitted in open court and the law given in charge by the court, and upon nothing else. We are disposed to think that this complaint has merit. The jury has the right not only to consider the evidence before it, but to consider the want or lack of evidence. It is entitled to consider all fair and reasonable inferences and deductions which may be made from the evidence before it; but to say that it must consider only the evidence before it and the law as given by the court would apparently exclude from its consideration the above matter. If the instruction is to be given on a retrial of the case, it should be remodeled in accordance herewith.

Another instruction is complained of, which seems to have been a precautionary one. It defines the duties of the jurors, and, among others, contains the following paragraph:

"On the one hand, you are to be entirely uninfluenced by anything except the evidence that has been *offered* upon the trial," etc.

We have some doubt as to the advisability of giving instructions of this character; but, passing that, it is to be noted in the above quoted paragraph that they are limited to the evidence that has been *offered* upon the trial. In this trial, as in all others, evidence is frequently offered which is rejected by the court; but under this statement in the instructions, the jury would be entitled to consider that which was rejected, as well as that which was received. In this respect the instruction is objectionable.

It is next urged that the evidence is insufficient to support the verdict. In view of the possibility of a retrial of the case, we refrain from commenting on the weight of this evidence,

other than to say that, as it stands in the record, we think it was sufficient to carry the case to the jury.

It is lastly urged that, on the whole record, appellant did not have a fair trial. In view of the rulings hereinbefore made, we do not consider this question. For the errors pointed out, the case is reversed and remanded.—*Reversed and remanded.*

EVANS and MORLING, JJ., concur.

DE GRAFF, C. J., concurs in the result.