STATE OF IOWA, Appellee, v. VERNON TENNANT, Appellant.

**RAPE:** Corroboration—Sufficiency. Corroboration sufficient to sustain
1   a verdict of guilty of assault to rape may be found in testimony
    wherein defendant tacitly admitted his immoral relations with
    prosecutrix and his departure from the state for the purpose of
    avoiding prosecution.

**CRIMINAL LAW:** Instructions—Reasonable Doubt—Essential Ele-
2   ments. It is unfortunate that there are courts which continue to
    instruct juries that a reasonable doubt is one arising out of the
    testimony *adduced* or *introduced* on the trial, thereby inferentially
    excluding the recognized rule of law that such doubt may very legiti-
    mately arise from the *absence* of testimony.

**CRIMINAL LAW:** Instructions—Prejudicial Recital of Punishment.
3   Prejudicial error results from a recital in the instructions of the
    punishment for rape (imprisonment for five years or for life, with
    opportunity for parole under minimum sentence [Sec. 12966, Code
    of 1927]), and *failure to recite* the punishment for assault with intent
    to rape •(imprisonment for an indeterminate term not exceeding 20
    years, with opportunity for parole [Sec. 12968, Code of 1924]), the
    defendant being convicted of the latter offense.

**CRIMINAL LAW:** Instructions—Instructions Relative to Punishment.
4   It is to be regretted that there are courts which continue to in-
    struct juries as to the *punishment* provided by law for the commission
    of an offense.

**RAPE:** Included Offenses—Failure to Charge—Effect. Failure to
5   charge that a rape was committed with force or against the will of
    prosecutrix removes the necessity under any circumstances to in-
    struct as to assault or assault and battery.

Headnote 1:   33 Cyc. p. 1498.   Headnote 2:   16 C. J. p. 997.   Head-
note 3:   17 C. J. p. 345.   Headnote 4:   16 C. J. p. 1026.   Headnote 5:
33 Cyc. p. 1503.

Headnote 1:   22 R. C. L. 1225.

*Appeal from Ringgold District Court.—*HOMER A. FULLER, Judge.

JULY 1, 1927.

The defendant was convicted of the crime of assault with intent to commit rape, and sentenced to an indeterminate term not to exceed twenty years in the state reformatory at Anamosa. He appeals.—*Reversed.*

*Spence & Beard* and *Frank F. Fuller,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

STEVENS, J.—I. The indictment charges that the offense was committed in Ringgold County on or about February 1, 1925. On that date the prosecutrix was a few months past 13 years of age, and the defendant, 17 or 18.

According to the testimony of the prosecutrix, the act was committed during the evening, while she and defendant were taking an automobile ride. The defendant denied that he ever had sexual intercourse with prosecutrix. The evidence shows without conflict that, on the evening of September 26, 1924, defendant and prosecutrix and four others, two girls and one boy and one man, 25 years of age, went riding together, in a Ford automobile, in the country, near Mount Ayr. Prosecutrix and one of her female companions testified that sexual intercourse was had by each of the respective couples in the automobile on that occasion. This was denied by the defendant and one of his male companions. These acts of sexual intercourse were all had in the car, and in the presence of the several occupants. The girl who sat in the back seat on the lap of her companion testified that nothing improper occurred.

At the conclusion of the State's case, the county attorney was required to elect upon which act the State would rely for conviction. He elected to rely upon the alleged act of February 1, 1925. Prosecutrix gave birth to a child at the hospital at Iowa City, November 1, 1925. Many exceptions were preserved to the court's instructions and to the refusal of the court to give requested instructions.

It is also contended by appellant that there is an utter

absence of testimony to corroborate the prosecutrix, and tend-
ing to connect him with the commission of the offense. The

1. RAPE: corrobo-
ration: suffi-
ciency.

prosecutrix admitted that, after she dis-
covered that she was pregnant, she had
intercourse on two occasions with another
person. Evidence was introduced, tending to show that the
defendant tacitly admitted having had immoral relations with
prosecutrix, and evidence of his departure from the state, for
the purpose of escaping arrest and punishment. It is true that
the defendant denied all of the testimony in any way tending to
incriminate him, and sought to explain his absence from the
state. While the explanation was a reasonable one, the question
was one of fact for the jury, and not of law for the court to
decide. The evidence fully justified the submission of the case
to the jury, and the verdict returned is supported thereby.

II. Numerous instructions were requested by the defend-
ant. Some of these instructions might well have been given,
but, in our opinion, the propositions presented thereby were
sufficiently covered by the instructions given. For example,
Requested Instruction No. 1, which related to the weight and
effect to be given the evidence of the good character of the
defendant, was fully covered by Instruction No. 21½, and Re-
quested Instruction No. 13, which related to reasonable doubt,
was covered by Instruction No. 6, to which reference will be
later made, and Requested Instruction No. 6 was sufficiently
covered by Instruction No. 12.

III. Instruction No. 4 of the court's charge defined the
term "reasonable doubt." Complaint is made of this instruc-

2. CRIMINAL LAW:
instructions:
reasonable
doubt: essen-
tial elements.

tion because it failed to state that a reasonable
doubt may as well arise from the absence of evi-
dence as from the evidence introduced. This
court has several times referred to this subject.
It is said in Corpus Juris that:

" * * * as a general rule, an instruction that a reasonable
doubt must be one suggested by, or arising out of, the evidence
adduced is erroneous, as it excludes all reasonable doubts that
may arise from the lack or want of evidence * * * ." 16 Cor-
pus Juris, Section 2411.

The foregoing text is supported by numerous cases from
other jurisdictions. It is, of course, elementary that a reason-
able doubt may arise from the absence of evidence; but thus

far, this court has declined to reverse a conviction because of the omission from the instructions of any reference to the absence of evidence (*State v. Ritchie*, 196 Iowa 352; *State v. Tonn*, 195 Iowa 94; *State v. Smith*, 194 Iowa 639; *State v. Flory*, 198 Iowa 75; *State v. Patrick*, 201 Iowa 368), unless, possibly, in *State v. Smith*, 192 Iowa 218, in which we said that the instruction could not be approved; but the reversal of that case was really upon other grounds.

Instructions on the subject of reasonable doubt should be so framed as to make it clear to the jury that a doubt may arise both from the absence of evidence and from the evidence introduced. A reversal must follow in this case upon other grounds, and we again call attention merely to the omission in the instruction complained of, and do not reverse on account thereof.

IV. The court, in Instruction No. 6, stated the punishment provided for rape, as follows:

"If any person carnally know and abuse any female child under the age of sixteen years, he shall be imprisoned in the penitentiary for life, or any term of years, not less than five;

**3. CRIMINAL LAW: instructions: prejudicial recital of punishment.**

and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding; and when a lesser than the maximum sentence is pronounced, the prisoner shall be subject to the jurisdiction of the board of parole."

The included offense of assault with intent to commit rape, of which the defendant was convicted, was submitted to the jury. The penalty for this offense, which is subject to the indeterminate sentence law, is for a term of years not exceeding twenty; but this was not stated to the jury. In a later paragraph of the instructions, the court clearly instructed the jury that the punishment to be inflicted was a matter with which they had no concern, and that it was their duty to determine the guilt or innocence of the defendant and the degree of the crime charged. It is urged in defendant's behalf that the court

**4. CRIMINAL LAW: instructions: instructions relative to punishment.**

committed error in stating to the jury the penalty as to rape, and particularly because of the failure to state the penalty provided for assault with intent to commit rape. This court has

repeatedly said that it is improper for the court, in its instruc-
tions to the jury, to refer to or state the penalty that may be
inflicted upon the accused. *State v. Reid*, 200 Iowa 892; *State
v. O'Meara*, 190 Iowa 613; *State v. Purcell*, 195 Iowa 272. We
have, however, always declined to reverse upon this ground
alone. Ordinarily, it could not be said that prejudice would
be likely to result from a statement to the jury of the punish-
ment provided for the crime. Chapter 197, Acts of the Forty-
first General Assembly (Section 12966, Code of 1924), gives the
court a large discretion in determining the punishment for
rape. It may be for life, or for any term of years not less than
five; whereas the penalty for assault with intent to commit rape
is for an indeterminate term of not to exceed 20 years. The
punishment for rape is to be fixed by the court, without refer-
ence to the indeterminate sentence law; whereas the punish-
ment for assault with intent to commit rape is within its pro-
visions, and the court has no discretion in fixing the term of
imprisonment. The act on the part of the prosecutrix was ap-
parently voluntary, and no force was used. The crime of rape
was, therefore, made out by the evidence of the State. Never-
theless, the jury were entitled, under the instructions, to find
him guilty of the included offense. The conduct of all of the
parties concerned, on the evening of September 26th, was
shameless, and apparently without the slightest sense of de-
cency. The prosecutrix admitted that she wrote the defendant
a letter, inclosing her photograph, before she became acquainted
with him. The prosecutrix and the defendant are young, and
it may be that the jury sought to temper its verdict with mercy,
assuming that a lighter penalty would necessarily be inflicted
for the minor offense. The language of the instruction com-
plained of went further than merely to state the penalty, and
referred to the jurisdiction of the board of parole, in such mat-
ters, and its authority to do justice in the case. Its effect may
have been to encourage a conviction, upon the theory that a
moderate punishment might be imposed, or an early parole
obtained. By far the better rule is for the court to always
omit from its instructions any reference to the subject of
punishment. That the jury may have been misled in this case
by the instruction complained of, notwithstanding the later in-
struction, to the prejudice of the defendant, is not only possible,

but so wholly probable that we cannot say that no prejudice resulted.

V. Complaint is also made of the failure of the court to submit assault, and assault and battery, to the jury. The indictment does not charge that the act was accomplished by

5. RAPE: included offenses: failure to charge: effect.

force or against the will of the prosecutrix. It is only when the indictment so charges that assault, or assault and battery, should be submitted as included offenses. *State v. Ellington*, 200 Iowa 636. The cited case reviews our prior decisions on this subject, making all necessary distinctions, and no further reference to this subject is necessary.

Other instructions are complained of, but a careful consideration thereof satisfies us that no other ground for reversal is to be found in the record. We therefore deem it unnecessary to discuss in detail the remaining propositions relied upon by the defendant. For the reasons stated, the judgment of the court below must be, and it is, reversed.—*Reversed.*

EVANS, C. J., and FAVILLE, VERMILION, and ALBERT, JJ., concur.

DE GRAFF, MORLING, and KINDIG, JJ., dissent.