STATE OF IOWA, Appellee, v. J. G. PRITCHARD, Appellant.

**CRIMINAL LAW: Trial—Setting Aside Submission and Receiving Testimony.** The submission of a criminal cause may be set aside, even after the arguments are well under way, and the cause reopened for the reception of vitally material testimony. (See Book of Anno., Vol. 1, Sec. 13846, Anno. 21 *et seq.*)

**CRIMINAL LAW: Instructions—Reasonable Doubt—Curing Error.** Failure of the court, in defining reasonable doubt, to refer to the absence or lack of evidence in the case is cured by other instructions to the effect that, in considering the issue of guilt or innocence, due consideration must be given to the want or lack of evidence, if any. (See Book of Anno., Vol. 1, Sec. 13917, Anno. 9 *et seq.*)

**RAPE: Corroboration—Fatally Erroneous Instruction.** Fatal error results from instructing that corroboration of prosecutrix in a charge of rape may be found from ''the evidence in the case *or the lack thereof.*''

**RAPE: Evidence—Sufficiency.** Evidence in a prosecution for rape reviewed, and held not to present such showing of malice or desire for revenge or other indicia of falsehood on the part of the prosecutrix as to justify the conclusion, as a matter of law, that her testimony was false.

Headnote 1: 16 C. J. p. 872. Headnote 2: 16 C. J. p. 1053. Headnote 3: 33 Cyc. p. 1512. Headnote 4: 33 Cyc. p. 1491.

Headnote 2: 14 R. C. L. 814.

*Appeal from Winnebago District Court.*—C. H. KELLEY, Judge.

OCTOBER 1, 1927.

The defendant was tried in the district court of Winnebago County upon an indictment charging him with the commission of statutory rape. He was convicted of assault with intent to commit rape, and appeals from the judgment entered on the verdict. —*Reversed.*

*Thompson, Loth & Lowe* and *Mitchell, Files & Mulholland,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *George E. Osmundson,* and *Tom Boynton,* for appellee.

STEVENS, J.—I. The indictment upon which the defendant was tried charged that, on or about December 12, 1925, he had sexual intercourse with Maybelle Krosch, a female under the age of 17 years. This, under the statute, Section 12966, Code of 1924, constituted the crime of rape. The prosecutrix was, at the time charged in the indictment, 16 years of age, and the defendant 30. In September, 1925, prosecutrix went to live with a family by the name of Arkwright, in Buffalo Center, for the purpose of attending the high school. Mrs. Arkwright is the sister of the defendant, who is married, and associated with his father in the mercantile business in Buffalo Center. Maybelle testified to numerous acts of intercourse with the defendant between September and December 24th, when she left the Arkwright home, and did not return. So far as a further statement of the facts is necessary, it will be made in connection with the points decided. During the progress of the trial, and after both sides had rested their case, and three arguments of counsel had been made to the jury, the court, upon application of the State, permitted the county attorney to introduce further testimony. The motion for that purpose was stoutly resisted by the defendant, who now claims that the ruling of the court was prejudicial and an abuse of discretion.

Emil and Ted Frericks, who had previously testified in behalf of the State, became angered by some remarks made by one of defendant's counsel, and immediately informed the county attorney that they had concealed facts which they knew, and desired to be again placed upon the witness stand. The motion to set aside the submission and to permit the introduction of further testimony was based upon the statements of the Frericks. Referring to Maybelle, they testified, in effect, that defendant had said, "I can knock her off. She is easy,"—and otherwise indicated that his relations with her had been illicit. They further testified that they were each given a suit of clothes to say nothing about the talk between them and defendant, and aid him by concealing the same. The testimony was, of course, material,

1. CRIMINAL LAW: trial: setting aside submission and receiving testimony.

and, if believed by the jury, necessarily prejudicial to the defendant. Up to this point, there was little, if any, evidence of corroboration. The statements and conduct of the defendant, as shown by the testimony of the two witnesses, might have been found by the jury to be the equivalent of an admission of guilt, and to have supplied the necessary corroboration. *State v. Hetland,* 141 Iowa 524; *State v. McPursley,* 144 Iowa 414; *State, v. Icenbice,* 126 Iowa 16. If, therefore, the court abused its discretion in permitting the State to offer this testimony, a reversal must follow. We are of the opinion, however, that the court did not abuse its discretion, as the testimony was material, and bore directly upon one of the essentials of a conviction. The credibility of the witnesses was, of course, seriously impaired by the admissions made by them. Emil's testimony was further weakened by his own relations with the prosecutrix,—not, however, so far as disclosed, illicit. The question is not, however, as to the credibility of the witnesses, but as to the propriety of the court's ruling. No doubt, the testimony, if true, would have been offered in chief, had not the witnesses concealed the facts from the county attorney. This, according to their testimony, was in pursuance of the arrangement previously entered into between them and the defendant. The ruling complained of was correct. *State v. Wilson,* 157 Iowa 698; *State v. Hodges,* 198 Iowa 1208.

II. The court did not, in the instruction relating to reasonable doubt, refer specifically to the "lack of evidence." This court has many times said that a reasonable doubt may arise as well from the lack of evidence as from the evidence presented. *State v. Smith,* 192 Iowa 218; *State v. Ritchie,* 196 Iowa 352; *State v. Flory,* 198 Iowa 75; *State v. Comer,* 198 Iowa 740; *State v. Burris,* 198 Iowa 1156; *State, v. Boyd,* 199 Iowa 1206. The court did, however, in another paragraph of the instructions, specifically inform the jury that, in determining the guilt or innocence of the defendant, it must consider the want or lack of evidence, if any, as well as all fair and reasonable inferences and deductions to be drawn from the evidence introduced. This, we think, was sufficient.

2. CRIMINAL LAW: instructions: reasonable doubt: curing error.

III. The court instructed the jury as follows:

"The defendant cannot be convicted in this case of the crime of rape or of the crime of an assault with intent to commit rape

upon the testimony of Maybelle Krosch unless she is corrobo-

3. RAPE: corrobo-  rated by other evidence tending to connect the
ration: fatally
erroneous  defendant with the commission of the offense.
instruction.  It is for you to determine whether or not the
evidence in this case *or the lack thereof,* under all the circum-
stances disclosed, corroborates said Maybelle Krosch sufficiently
to authorize you to convict the defendant of rape or assault with
intent to commit rape. Such corroboration of her evidence is not
necessary, in order to warrant a conviction of assault and bat-
tery.''

The words italicized above are complained of. We cannot
say that the defendant was not prejudiced by the use thereof.
Corroboration is never shown by the lack of evidence, and the
jury might well have misunderstood the meaning to be given
these words. The force of the instruction upon a very material
matter was greatly weakened, if not destroyed, and a new trial
must be granted.

IV. Finally, appellant contends that the verdict of the jury
is without support in the evidence. According to the testimony
of the prosecutrix, frequent illicit relations were had between her

4. RAPE: evi-  and the defendant. Although some claim is
dence: suffi-  made by Maybelle that she was induced to sub-
ciency.  mit to the defendant by force or threats, we
think the testimony shows that such relations, if had, were mu-
tual. Prosecutrix is willful, and her parents have lost control
over her.

Information was filed against the defendant before a justice
of the peace between midnight and morning, December 25th. On
the same evening, the parents filed an information against Emil
Frericks, charging him with concealing Maybelle at the home of
his sister; and a search warrant of the premises where it was
claimed she was concealed, was issued. The information against
Frericks was filed, the search warrant issued and served, and the
parties brought before the magistrate, before charges were filed
against the defendant. Maybelle had, however, complained to
some of her friends that the defendant was molesting her. Prose-
cutrix testified to several specific occasions on which she claimed
the defendant had sexual intercourse with her. This testimony
was met by the defendant in each instance by proof, more or less
persuasive, that he could not have been with her at any of these

times.  The most that can be claimed by the defendant for this testimony is that a conflict in the evidence was thereby produced. The case does not present such a showing of malice or desire for revenge or other indicia of falsehood upon the part of Maybelle as to justify the conclusion, as a matter of law, that her testimony is false.  The defendant took the stand in his own behalf, and emphatically denied that he had at any time molested or had illicit relations with the prosecutrix.  Except as it may be implied from this testimony, the evidence of Ted and Emil Frericks introduced after the case was reopened is not denied.

For the error pointed out, the judgment is—*Reversed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.