STATE OF IOWA, Appellee, v. MARVIN T. GRATTAN, Appellant.

No. 42499.

SEPTEMBER 25, 1934.

J. A. Nelson, J. G. O'Brien, and James W. Willett, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, E. P. Shea, and Gerald E. Lyons, for appellee.

EVANS, J.— ██ The victim of the alleged murder was Claude Meade, who was shot by the defendant. The shooting occurred in a barn upon the fair grounds of Winneshiek county. The defendant claims that the shooting was done in defense of his grandson, whom Meade was pursuing with a pitchfork, and whom he drove out of the barn at the points of the pitchfork. Meade was engaged in the business of training trotting horses for others, and stabled his horses in the barn in question. He was fifty-two years of age. The defendant was eighty-five years of age. He used a .25 caliber pistol, and shot the deceased in the back while the deceased was pursuing the grandson with a pitchfork as the defendant claims. Just before the shooting and the pursuit of the grandson by Meade, the defendant and Meade had engaged in a quarrel of words in which they applied to each other very abusive epithets. The grandson had no part in the quarrel, but came into the barn at the time thereof. This is a sufficient indication of the general character of the events that preceded the tragedy. The record is voluminous, but we shall have occasion to deal only with one feature of it. Because of certain concession made by the state, we shall have no occasion to consider more than the subject-matter of such concession. The concession is that the court inadvertently failed to follow the rule laid down by the majority of this court in State v. Anderson, 209 Iowa 510, 228 N. W. 353. The state takes the position, however, that the judgment below should be affirmed notwithstanding. Its contention is that the majority rule adopted in the Anderson case was, and is, erroneous, and that it should now be overruled. By reference to the Anderson case it will be noted that the majority opinion therein held it essential to an adequate instruction on the subject of reasonable doubt that the jury be advised as to the effect of a "lack of evidence". The cited case seems to be regarded by counsel on both sides as the controlling one on the subject, although it is by no means the only one. In the Anderson case the trial court instructed as follows:

"All of the matters left for your determination are to be de-

termined by you *alone from the evidence* before you and after a full and careful consideration of the same."

In the Anderson case the majority opinion said:

"All matters left for determination necessarily included the question of reasonable doubt. Appellant's contention is that this instruction did not include, but excluded, a reasonable doubt which might arise from lack or want of evidence. It is apparent that the appellant is right in his contention, for the court, in the instruction, in terse language, states that the question of reasonable doubt, as well as all other matters for their determination, are 'to be determined by you alone from the evidence before you'. We have repeatedly refused to approve an instruction on reasonable doubt which excludes a reasonable doubt arising from the lack or want of evidence."

Some of us were dissatisfied with the conclusion of the majority in that case and noted a dissent thereto. It was accordingly decided by a divided court by a majority of five to four. The way had been previously paved to some extent for this holding in State v. Smith, 192 Iowa 218, 180 N. W. 4; State v. Smith, 194 Iowa 639, 190 N. W. 27; State v. Tonn, 195 Iowa 94, 191 N. W. 530; State v. Flory, 198 Iowa 75, 199 N. W. 303; State v. Tennant, 204 Iowa 130, 214 N. W. 708; and State v. Patrick, 201 Iowa 368, 207 N. W. 393. Since the Anderson decision, the doctrine there announced has been followed in State v. Matthes, 210 Iowa 178, 230 N. W. 522; State v. Love, 210 Iowa 741, 231 N. W. 392; and State v. Madison, 215 Iowa 182, 244 N. W. 868.

What the state proposes at this point is to save its case by overruling the cited cases. The idea advanced is that only a majority voted for the opinion, and that it therefore is more readily assailable than a unanimous opinion would be. The idea is untenable. A five to four decision of an appellate court has the same binding force and effect as if it had been adopted by a unanimous membership. If a majority of the court may not render a binding decision, then nothing less than unanimity could do so. It is highly essential to the public weal that *judgment* be stable. It is just as essential that *judicial precedents* be stable. *One* cannot obtain without the *other*. The fact that the decision in the Anderson case was reached by a less number of judges than the whole does not of

itself furnish any reason whatever for repudiating it. Nor does the fact that the personnel of the court changes, and *has* changed, have any influence whatever upon the proper course to be pursued.

It is urged in substance that the rule announced in the Anderson case is unduly lenient to the guilty defendant, whose punishment is long overdue. The Constitution is professedly comprehensive and liberal in its attitude towards a defendant accused of crime. In the eyes of the Constitution, he is innocent and continues to be so until his guilt be proved. The objective of the Constitution is not to favor the guilty but to protect the innocent against the hazard of false punishment. In the pursuit of this objective, it takes large chances of favor to the guilty rather than to imperil the innocent. Better that the guilty escape than that innocence be ravished. Until guilt be proved, the Constitution awards asylum to the innocent and guilty alike under the same roof. To each of them legal protection is guaranteed. If a guilty defendant is not entitled to the protection guaranteed by the Constitution, then no defendant is. Nor can the legal guilt of a defendant ever be known until his trial has been had under the protection of the Constitution. This defendant is now entitled to the protection of the rule laid down in the Anderson case. The concession of error by the state is therefore well taken; but without reservation.

The judgment below is accordingly reversed, and the cause remanded.—Reversed and remanded.

All Justices concur.