STATE OF IOWA, Appellee, v. ALBERT PARKIN, Appellant.

No. 45492.

SEPTEMBER 16, 1941.

· John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and William W. Crissman, County Attorney, for appellee.

G. P. Linville and O. J. Elsenbast, for appellant.

OLIVER, J.—Defendant appeals from his conviction of the crime of operating a motor vehicle while intoxicated. He predicates error upon the definition of "reasonable doubt", as given the jury in Instruction 2, which was, in part, as follows:

"A reasonable doubt is, as the words import, a doubt of guilt which is founded in reason. It must be a real, substantial doubt, and not one that is merely fanciful or imaginary. It must not be sought after, nor should the evidence be strained to create or induce it, for when it is such a doubt as the law recognizes it must arise fairly and naturally in the mind, upon a full consideration of all the facts and circumstances shown in evidence in the case."

Appellant contends this definition was erroneous because it failed to state that a reasonable doubt may be predicated upon

lack or want of evidence. Upon this proposition our holdings have not been entirely uniform. In State v. Smith, 192 Iowa 218, 237, 180 N. W. 4, 12, 193 N. W. 181, 189, an instruction defining reasonable doubt as " ' * * * doubt, growing out of the unsatisfactory nature of the evidence in the case, * * * ,' " was disapproved as excluding all reasonable doubts that may arise from the lack or want of evidence. This was also the holding in State v. Smith, 194 Iowa 639, 646, 190 N. W. 27, 30, in which the jury was charged that a reasonable doubt must arise from a consideration " 'of all the evidence in the case.' "

The decision in State v. Tonn, 195 Iowa 94, 112, 191 N. W. 530, 538, sets out a definition of reasonable doubt, in language almost identical to that in the case at bar. This was disapproved although held not to constitute reversible error. State v. Flory, 198 Iowa 75, 81, 199 N. W. 303, 306; State v. Burris, 198 Iowa 1156, 1163, 198 N. W. 82, 85; and State v. Tennant, 204 Iowa 130, 132, 214 N. W. 708, 709, criticized instructions which omitted "want of evidence" but did not hold this to be reversible error.

But in State v. Ritchie, 196 Iowa 352, 362, 190 N. W. 943, 947, it was said the distinction between the two forms of instruction made in State v. Smith, supra, is somewhat over-refined and shadowy and that such an instruction does not constitute reversible error. State v. Bogossian, 198 Iowa 972, 975, 200 N. W. 586, 587, states: "This ground of reversal was completely negatived by us in the recent case of State v. Ritchie, * * * ." State v. Boyd, 199 Iowa 1206, 200 N. W. 205, and State v. Gardiner, 205 Iowa 30, 36, 215 N. W. 758, 760, approved a definition of reasonable doubt as one which may arise from a consideration of the whole case, as including a consideration of lack of evidence.

Subsequently, in State v. Anderson, 209 Iowa 510, 517, 228 N. W. 353, 356, 67 A. L. R. 1366, the court, after discussing the case of State v. Smith, supra, and supporting cases, definitely adopted and extended the rule enunciated or suggested therein, saying:

" * * * we recognize * * * that a reasonable doubt is not necessarily one that arises from a consideration of the facts

and circumstances as shown in evidence in the case, and that a reasonable doubt, as a general rule, arises from a lack or want of evidence. * * * It was the right of the appellant to have a correct instruction given upon the subject of reasonable doubt, —one which did not exclude the element of lack or want of evidence. * * * .

" * * * , we have repeatedly thrown out the warning, which appears to be unheeded. We can no longer refrain from reversing."

This case was followed by State v. Love, 210 Iowa 741, 231 N. W. 392, and State v. Grattan, 218 Iowa 889, 256 N. W. 273, in each of which the failure to include lack of evidence in the instruction on reasonable doubt was held to be reversible error. Therefore, this appears to be the rule now in effect in this jurisdiction and such of the earlier holdings as do not accord therewith are no longer controlling.

However, the State contends the error in Instruction 2 is cured by Instruction 11, in which the jury is cautioned not to consider evidence which has been ruled out or rejected; "but, take into consideration only such evidence as has been submitted to you, or lack of evidence, if any, and from that independent of all other consideration, * * * giving a careful examination and consideration to all the facts and circumstances before you, * * * bring in such a verdict * * * as will be warranted and sustained by the evidence." Reliance is placed upon State v. Pritchard, 204 Iowa 417, 419, 215 N. W. 256, 257. In that case an instruction which advised the jury that in determining the guilt or innocence of the defendant, it must consider the want or lack of evidence, if any, as well as all fair and reasonable inferences and deductions to be drawn from the evidence introduced, was held sufficient to cure the omission of the element of lack of evidence in the instruction on reasonable doubt. It should be noted, however, that the instruction on reasonable doubt in the Pritchard case was similar to one which had been approved in State v. Boyd, supra, and was shortly thereafter again approved in State v. Gardiner, supra. Moreover, all of these cases were decided prior to the decision

in State v. Anderson, supra, which makes the omission reversible error.

The rule that all instructions should be considered together is well settled. It is also the holding that the definition of reasonable doubt having been once correctly given need not be repeated. State v. Ferguson, 222 Iowa 1148, 1158, 270 N. W. 874, 880; State v. Harrington, 220 Iowa 1116, 1123, 264 N. W. 24, 28. But we cannot agree that the statement in Instruction 11 that the jury should consider the evidence or lack of evidence, if any, was sufficient to correct the omission in the definition of reasonable doubt as given in the other instruction.

Instruction 11 does not purport to define reasonable doubt. It does not refer to reasonable doubt. In the language of State v. Grattan, supra [218 Iowa 889, 890, 256 N. W. 273], it is " * * * essential to an adequate instruction on the subject of reasonable doubt that the jury be advised as to the effect of a 'lack of evidence'." The instructions in the case at bar lacked this essential. The definition of the expression "reasonable doubt" was erroneous and the mere reference to lack of evidence in the subsequent cautionary instruction was insufficient to cure the error. This necessitates a reversal.

Other errors assigned are either without merit or not likely to arise upon retrial.—Reversed.

MILLER, C. J., and HALE, MITCHELL, STIGER, GARFIELD, SAGER, and WENNERSTRUM, JJ., concur.