STATE OF IOWA, Appellee, v. ALBERT KING, Appellant.

No. 45944.

June 16, 1942.

X. C. Nady and Ralph H. Munro, both of Fairfield, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and George C. Van Nostrand, County Attorney, of Fairfield, for appellee.

BLISS, C. J.—This appeal is before the court on a clerk's transcript of the record, which was filed January 6, 1942. The appeal was perfected on November 7, 1941. On January 19, 1942, the appellant served notice, under Rule 32 of the court, of his intention to submit the appeal upon a printed abstract and brief and argument. The time within which to file the abstract expired on March 6, 1942. Supreme Court Rule 32; State v. Johns, 224 Iowa 487, 488, 275 N. W. 559, 560; State v. Dunley, 227 Iowa 1085, 1088, 290 N. W. 41; State v. Christiansen, 231 Iowa 525, 526, 1 N. W. 2d 623, 624. The abstract was not served and filed until April 21, 1942. The appellee's motion to strike the abstract because not filed in time and to submit the appeal on the clerk's transcript was sustained by this court on May 5, 1942.

Under Rule 32, appellant's brief and argument was required to be filed at least 30 days before the day assigned for the submission of the cause. That day was the 6th day of May 1942, on which date the brief and argument was filed. The appeal must, therefore, be submitted on the record as it appears in the clerk's transcript, which Code section 13998 requires the clerk of the district court to file in the office of the clerk of this court, containing a full and perfect transcript of all papers in the case on file in his office. On such an appeal by a defendant, this court is imperatively required by Code section 14010, to examine the record contained in said transcript, and, without regard to technical errors or defects which do not affect the substantial rights of the parties, to render such a judgment on the record as the law demands. State v. Oge, 227 Iowa 1094, 1096, 290 N. W. 1; State v. McGlasson, 86 Iowa 44, 45, 52 N. W. 226; State v. Dunley, supra; State v. Christiansen, supra.

Appellant's motion for new trial was denied. The first seven grounds thereof are based upon matters which require the examination of the evidential record, which is not before us because of the striking of the abstract. State v. Christiansen, supra. The eighth ground, however, is based upon an exception to instruction 11, given by the court.

In instruction 11 the court, after instructing the jurors that they were the sole judges of the credibility of the witnesses, and of the matters which they should consider in weighing the testimony, concluded the instruction with this paragraph:

"Carefully weigh, consider and compare all the evidence in the case in the light of reason and common sense, laying aside all bias, prejudice or sympathy you may have, and determine the case *solely on the evidence before you* and on the law given you in these instructions." (Italics are ours.)

Appellant's exception is as follows:

"Defendant excepts to the giving of Instruction No. 11 for the reason that thereby the Jury was instructed to determine the case solely on the evidence before them and the law as given in these instructions, and the Jury was not told therein that they

should consider not only the evidence introduced in said cause, but also the lack of evidence in the case, which instruction was definitely contradictory to any prior statement in said instructions that a reasonable doubt might arise from the lack of evidence in the case, and vitiates any statement in said instructions that lack of evidence might be considered; and they were not thereby permitted to draw any inference from the lack of evidence in said case.''

In instruction 10 the court fully and fairly instructed on reasonable doubt, and therein stated:

''A reasonable doubt is not a forced or captious doubt, but is one that fairly and naturally arises in the mind from a candid and impartial consideration of all the evidence, *or lack of evidence,* in a case.'' (Italics are ours.)

In instruction 5 the court also stated:

''The Court has not endeavored to set out all the law to govern you in this case in any one instruction, but the instructions as a whole, when considered and construed together, each instruction in the light of and in harmony with the other instructions, will govern you as the law applicable to the case.''

The matter of the failure of the trial court to include in its instructions that a reasonable doubt as to the guilt of the defendant may arise from a lack of evidence has troubled this court on many occasions, and there is some lack of harmony among its decisions on this question. Uniformly the court has held that the jury should be instructed that a reasonable doubt may arise not only from the evidence introduced but from a lack of evidence. Where the element of lack of evidence has not been thus mentioned, the court has on several occasions criticized and disapproved the instruction and has cautioned trial courts against such omissions. In a number of these cases the court has held that the omission was not necessarily prejudicial, and refused to reverse. See State v. Ritchie, 196 Iowa 352, 362, 190 N. W. 943; State v. Tonn, 195 Iowa 94, 112, 113, 191 N. W. 530; State v. Flory, 198 Iowa 75, 81, 82, 199 N. W. 303; State v. Bogossian, 198 Iowa 972, 975, 200 N. W. 586; State v. Burris, 198 Iowa

1156, 1163, 198 N. W. 82; State v. Christensen, 205 Iowa 849, 852, 216 N. W. 710; State v. Tennant, 204 Iowa 130, 132, 214 N. W. 708.

In other cases the court has held that an instruction on reasonable doubt which contains the phrase ''arising from a consideration of the whole case,'' includes a consideration of lack of evidence. See State v. Boyd, 199 Iowa 1206, 1207, 200 N. W. 205; State v. Gardiner, 205 Iowa 30, 36, 215 N. W. 758.

In some decisions, however, the court reversed, or strongly intimated that the failure to include the element of lack of evidence in an instruction on reasonable doubt was reversible error. See State v. Smith, 192 Iowa 218, 237, 180 N. W. 4, 193 N. W. 181; State v. Smith, 194 Iowa 639, 646, 190 N. W. 27; State v. Patrick, 201 Iowa 368, 372, 207 N. W. 393. And in State v. Anderson, 209 Iowa 510, 514, 228 N. W. 353, 67 A. L. R. 1366, by a five to four decision, the court held definitely that the failure to instruct the jury that a reasonable doubt of guilt might be based on lack of evidence was reversible error. This decision has since been followed in State v. Love, 210 Iowa 741, 742, 231 N. W. 392; State v. Smalley, 211 Iowa 109, 110, 233 N. W. 55; State v. Grattan, 218 Iowa 889, 890, 256 N. W. 273, and in our latest decision on the question, State v. Parkin, 230 Iowa 991, 299 N. W. 917, where the matter is fully reviewed by Justice Oliver.

These last-cited decisions do not aid the appellant in the case before us. In this case it will be noted that the court included the element of lack of evidence in instruction 10 covering the matter of reasonable doubt. No exception was taken to that instruction, and it was not open to objection. But the appellant contends that the subsequent paragraph in instruction 11, by its omission to include the factor of lack of evidence, nullified the effect of its use in instruction 10. We have held to the contrary a number of times. In State v. Bamsey, 208 Iowa 796, 800, 223 N. W. 873, [certiorari denied 280 U. S. 595, 50 S. Ct. 40, 74 L. Ed. 642], the opinion indicates, and an examination of the abstract confirms the fact, that in that case the situation was almost identical with that of this case. In instruction 3, the court said:

''Such a doubt must be a reasonable one, and must arise in

the minds of the jurors after a careful and impartial considera-
tion of all of the evidence, *or want of evidence in the case.*"
(Italics are ours.) While later in the same instruction the court
said: "If after a careful and impartial consideration *of all the
evidence admitted in the case* you can say and feel that you have
an abiding conviction of the guilt of the defendant, and are fully
satisfied of the truth of the charge, then you are satisfied beyond
a reasonable doubt." And in instruction 12, the court further
instructed, "* * * and the jury should endeavor *to be governed
solely by the evidence introduced before them* * * *." (Italics
are ours.) This court affirmed.

In State v. McGee, 207 Iowa 334, 342, 221 N. W. 556, 559,
the opinion and the abstract show a similar situation. In the
third instruction the court told the jury that a reasonable doubt
is one arising from "a full, fair, impartial, and deliberate con-
sideration of all the evidence, *and any want of evidence,* if any
such there be in the case." While in instruction 9 the court told
the jury, "*You are to bear in mind that you are to take into con-
sideration only such evidence as has been submitted to you; and
from this alone, independent of all other considerations* * * *
bring in such a verdict as your best judgment will approve, *and
such as will be warranted and substantiated by the evidence.*"
This court affirmed. The opinion and abstract in State v.
Rounds, 216 Iowa 131, 248 N. W. 500, show the same situation.
In that case this court reversed, but on other grounds.

In State v. Harrington, 220 Iowa 1116, 1123, 264 N. W. 24,
28, the court included the factor of lack of evidence in its instruc-
tion on reasonable doubt. In affirming the court said:

"It was not necessary for the court to repeat this statement,
and the appellant's contention in this regard is not tenable. The
instructions are to be considered as a whole."

For like holdings, see State v. Ferguson, 222 Iowa 1148,
1158, 270 N. W. 874, and State v. Pritchard, 204 Iowa 417, 419,
215 N. W. 256.

The judgment is affirmed.—Affirmed.

All JUSTICES concur.