### STATE v. LOUIS BASS BRAXTON.

(Filed 20 April, 1949.)

**1. Criminal Law § 52a (1)—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**2. Larceny § 7: Robbery § 3—**

Evidence of defendant's guilt of larceny and receiving and guilt of highway robbery *held* sufficient to overrule his motions to nonsuit as to each charge.

**3. Larceny § 8—**

A charge to the effect that the taking must be with criminal purpose and intent at the time to deprive the prosecuting witness of his property and to appropriate it to the accused's own permanent use, defines the felonious intent constituting an element of the offense of larceny, and objection thereto on the ground that it did not require the jury to find that the taking was with a felonious intent is untenable, certainly where the court had theretofore defined larceny as a felonious or criminal taking, etc.

**4. Criminal Law §§ 53b, 81c (2)—**

A charge that reasonable doubt is a doubt based upon reason and common sense "growing out of the evidence in the case" is erroneous, since reasonable doubt may arise from lack of evidence as well as upon the evidence adduced, and such instruction must be held for prejudicial error since it involves the intensity of proof as well as the burden.

**5. Criminal Law § 81c (5)—**

The jury returned a verdict of guilty in each of two separate prosecutions of defendant. After verdict the court consolidated the cases for the purpose of judgment, and rendered a single judgment upon the verdicts. *Held:* A new trial being awarded for error in the trial of one of the indictments, the judgment must be set aside and the cause remanded for proper judgment upon the verdict rendered in the other indictment.

APPEAL by defendant from *Hamilton, Special Judge,* at August Term, 1948, of PITT.

The defendant was tried upon an indictment, No. 3393, charging him with larceny and receiving. The jury returned a verdict of guilty as charged. Judgment was not pronounced, but the defendant was immediately put on trial upon an indictment, No. 3459, charging him with highway robbery. The jury likewise returned a verdict of guilty as charged.

Thereupon the court ordered the two cases consolidated for the purpose of judgment, and pronounced judgment as follows: "That the defendant be confined in the State's prison for a term of not less than eight years nor more than ten years."

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*
*LeRoy Scott and Albion Dunn for defendant.*

DENNY, J.   In the respective trials upon the above indictments, the defendant moved for judgment as of nonsuit at the close of the State's evidence and renewed his motion at the close of all the evidence.   The motions were denied and the defendant duly excepted in each case and assigns error based thereon.

It is well settled in this jurisdiction that in passing upon a motion for judgment as of nonsuit in criminal prosecutions, the evidence must be considered in the light most favorable to the State, and when so considered, on the record before us, we think the evidence is sufficient in each case to sustain the rulings of the court below.   *S. v. Gordon,* 225 N.C. 757, 36 S.E. 2d 143; *S. v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *S. v. Todd,* 222 N.C. 346, 23 S.E. 2d 47; *S. v. Brown,* 218 N.C. 415, 11 S.E. 2d 321.

### BILL OF INDICTMENT No. 3393.

In this case the defendant excepts and assigns as error the following portion of his Honor's charge: "If the State in this case has satisfied you from the evidence beyond a reasonable doubt that the defendant Louis Braxton, on the 15th day of August, with the criminal purpose and intent at the time to deprive the prosecuting witness, Howard Hazleton, of his pocketbook and the contents thereof, having had no right to it at the time, and for the purpose of appropriating it to his own permanent use and enjoyment, took the said money of the said prosecuting witness, then you would return a verdict of guilty."

The defendant contends this instruction did not require the jury to find that the taking, if any, was with a felonious intent.   We do not so construe it.   But on the contrary, we think the instruction gave the essential elements of larceny which constitute a felonious intent. . *S. v. Massengill,* 228 N.C. 612, 46 S.E. 2d 713; *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Epps,* 223 N.C. 741, 28 S.E. 2d 219; *S. v. Holder,* 188 N.C. 561, 125 S.E. 113; 52 C.J.S. p. 817 *et seq.*   Moreover, the court had defined larceny to be "the felonious or criminal taking and carrying away of the personal property of another by force and against the will of the owner and taking and carrying it away with the then present intent on the part of the one who takes it to appropriate it to his own use for all time and to deprive the rightful owner of its use, and when that taking is from the person of one then it becomes larceny from the person."   No prejudicial error has been shown, and the exception will not be upheld.

STATE v. BRAXTON.

We have examined the remaining assignments of error relating to the trial of this case, and they are without merit.

## BILL OF INDICTMENT No. 3459.

The defendant excepts and assigns as error the following excerpt from his Honor's charge: "And if the State has satisfied you from the evidence and beyond a reasonable doubt—and a reasonable doubt, gentlemen, is a doubt based upon reason and common sense and growing out of the evidence in the case—then you will return a verdict of guilt in this case."

The vice complained of here is the instruction that a reasonable doubt *"is a doubt based upon reason and common sense and growing out of the evidence in the case."* As said in *S. v. Tyndall, ante,* 174, a reasonable doubt "may arise from lack of evidence or from its deficiency. In a criminal prosecution the burden is on the State to establish the guilt of the accused beyond a reasonable doubt, and not on the defendant to raise a doubt as to his guilt. *S. v. Steele,* 190 N.C. 506, 130 S.E. 308; *S. v. Sigmon,* 190 N.C. 684, 130 S.E. 854; *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466." *Stacy, C. J.,* said in the last cited case: "A reasonable doubt is not a vain, imaginary, or fanciful doubt, but it is a sane, rational doubt. When it is said that the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that they must be 'fully satisfied' (*S. v. Sears,* 61 N.C. 146), or 'entirely convinced' (*S. v. Parker,* 61 N.C. 473), or 'satisfied to a moral certainty' (*S. v. Wilcox,* 132 N.C. 1137), of the truth of the charge, *S. v. Charles,* 161 N.C. 287. If after considering, comparing, and weighing all the evidence the minds of the jurors are left in such condition that they cannot say they have an abiding faith, to a moral certainty, in the defendant's guilt, then they have a reasonable doubt; otherwise not, *Commonwealth v. Webster,* 5 Cushing (Mass.) 295; 52 A. Dec. p. 730; 12 Cyc. 625; 16 C.J. 988; 4 Words and Phrases 155."

While some authorities hold that a reasonable doubt sufficient to justify the acquittal of a defendant *must arise from the evidence* and that an instruction to that effect includes *want of evidence,* 23 C.J.S., Criminal Law, Section 910, at p. 164, we think such instruction is too limited and tends to prejudice the rights of the defendant.

A defendant is entitled to an acquittal if there is a reasonable doubt in the minds of the jurors as to his guilt, and it makes no difference whether that doubt arises out of the evidence in the case or from the lack of evidence of sufficient probative value to satisfy the jury beyond a reasonable doubt of his guilt.

Nor can the defect in the instruction given in the trial below be regarded as inconsequential or harmless. It involves the intensity of proof as well as the burden. Substantially similar instructions have been con-

sidered by other courts and held for error. *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Sigmon, supra; Carter v. State,* 71 Ga. App. 626, 31 S.E. 2d 666; *Alexander v. State,* 32 Ga. App. 488, 123 S.E. 923; *Stanford v. State,* 153 Ga. 219, 112 S.E. 130; *State v. King,* 232 Iowa 16, 4 N.W. 2d 244; *State v. Parkin,* 230 Iowa 991, 299 N.W. 917; *Smith v. State,* 135 Fla. 835, 186 So. 203; *Hulst v. State,* 123 Fla. 315, 166 So. 828; *Walker v. State,* 82 Fla. 465, 90 So. 376; *People v. Andrea,* 295 Ill. 445, 129 N.E. 178; *State v. Herwitz,* 109 Wash. 153, 186 P. 290; *Cooper v. State,* 120 Neb. 598, 234 N.W. 406; *McIntosh v. State,* 105 Neb. 328, 180 N.W. 573, 12 A.L.R. 798; *State v. Price* (Del.), 7 Boyce 544, 108 A. 385.

The necessity for a new trial upon indictment No. 3459 requires a consideration of the action of the court in consolidating these cases for trial for the purpose of judgment.

Ordinarily where separate bills of indictment are returned and the bills are consolidated for trial, as authorized by G.S. 15-152, the counts contained in the respective bills will be treated as though they were separate counts in one bill, and where there are several counts and each count is for a distinct offense, a general verdict of guilty will authorize the imposition of a judgment on each count. *S. v. Harvell,* 199 N.C. 599, 155 S.E. 257. Likewise, where there are several counts in a bill, and a general verdict of guilty is returned, the court may impose judgment and "if the verdict on any count be free from valid objection and has evidence tending to support it, the conviction and sentence for that offense will be upheld." *S. v. Murphy,* 225 N.C. 115, 33 S.E. 2d 588; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Norton,* 222 N.C. 418, 23 S.E. 2d 301. But where cases are consolidated for judgment only, these decisions are not controlling. When cases are consolidated after verdict, for the purpose of judgment and a single judgment is rendered on the verdicts, and a new trial is granted in one of the consolidated cases, the ends of justice would seem to require that the judgment so entered be set aside and the cause remanded for proper judgment in the case or cases in which no error is made to appear. Therefore, the judgment entered below will be set aside and the cause remanded for proper judgment on the verdict upon indictment No. 3393; and for a new trial upon indictment No. 3459.

In No. 3393—Error and remanded.

In No. 3459—New trial.