STATE OF IOWA, Appellee, v. ALFRED MADISON, Appellant.

No. 41337.

OCTOBER 25, 1932.

Higbee & McEniry, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

FAVILLE, J.—The evidence in behalf of the State tended to show that on or about June 19, 1931, one Shultz was in the city of Creston. At that time he met a man by the name of Veitch, and it appears that the two went to the home of the appellant in said city, and there met the sister-in-law of the appellant. It is claimed that this woman took a car and drove the two parties referred to west of town about a mile and a half to a farm, where they stopped and had an interview with the appellant and the latter was informed that the parties wished to purchase a gallon of alcohol. The State's evidence tended to show that the appellant then went to a certain building and took therefrom a can of alcohol, which he delivered to said parties and received $8 in payment therefor. It also appears that on the following day the sheriff went to the same building from which the appellant had taken said can of alcohol as claimed by the State, and searched the same and found eleven cans of alcohol, which were identified and which were offered in evidence upon the trial.

I. Appellant contends that the court erred in admitting in evidence the said eleven cans of alcohol which were seized in the manner above described. It is the contention of the appellant that he did not live upon said farm, but in the city of Creston, and the fact that the cans of alcohol were found upon said farm in no way connected them with the appellant.

We think the appellant is in error in the contention. The jury might have found from the evidence that the appellant went from the presence of the purchasers of the can of alcohol in question directly to the shed or building which was afterward searched, and brought therefrom the can of alcohol which it is claimed he sold to the witness Shultz. The transaction by which it is claimed that appellant sold the can of alcohol involved in this action was in the evening, and the search of the building from which it is claimed he took said can of alcohol was made the next day. It is true the appellant was not present when the search was made, and it is also true that the farm upon which the eleven cans of alcohol were located was not occupied by the appellant as his home, but by his

mother and a brother. But the fact that the appellant went directly to this place and secured the can of alcohol which it is claimed he sold to the witnesses, and that within a short time thereafter a search of said place disclosed the presence of other cans of alcohol, would be a circumstance proper to be considered by the jury in connection with the charge for which the appellant was being tried.

We do not find reversible error at this point under the record in this case.

██  II.  Instruction No. 8 is as follows:

"The court has allowed the introduction in evidence of certain exhibits which it is claimed are cans containing an intoxicating liquor, to wit: Alcohol. It would be improper for the jurors to in any manner alter or change the contents of said cans, and the same should not be sampled or used as a beverage by any of the jurors. You should determine the guilt or innocence of the defendant of the crime charged, solely upon the evidence admitted upon the trial, and no other matter, fact or circumstance should be discussed or made the matter of consideration by the jury in the jury room in arriving at a verdict in this case."

The appellant contends that this instruction is erroneous in that it fails to instruct the jury upon the question of lack of evidence. Appellant relies upon State v. Smith, 194 Iowa 639; State v. Comer, 198 Iowa 740; State v. Flory, 198 Iowa 75; State v. Burris, 198 Iowa 1156, as supporting his contention.

The objection to the instruction is not well taken. It is obvious from a reading of the entire instruction that the court was instructing the jury with regard to the exhibits that had been offered in evidence. The instruction had nothing whatever to do with the question of reasonable doubt. The instruction upon reasonable doubt is not challenged. We do not think the court erred in giving Instruction No. 8, and that when all the instructions are read together, as they must be, no error appears.

III.  Appellant also challenges Instruction No. 4, in which the court defined the crime of bootlegging in the terms of the statute. In a subsequent instruction the court directed the jury as to the proper manner in which it should make the application of the evidence in the case to the law pertaining to the crime charged. There was no error in the instruction complained of.

We find no error in the record, and the judgment appealed from is—Affirmed.

STEVENS, C. J., and EVANS, DE GRAFF, ALBERT, KINDIG, and BLISS, JJ. concur.

WAGNER, J., dissents.

CLAUSSEN, J., takes no part.

WAGNER, J., (dissenting). The third paragraph of·Instruction No. 8 is general, and cannot be said to relate only to the exhibits which·had been received in evidence. For convenience in discussion we will again quote it:

"You should determine the guilt or innocence of the defendant of the crime charged, solely upon the evidence admitted upon the trial, and no other matter, fact, or circumstance should be discussed or made the matter of consideration by the jury in the jury room in arriving at a verdict in this case."

If this instruction is conflicting with a correct instruction on reasonable doubt, one which does not exclude the element of lack or want of evidence (see State v. Anderson, 209 Iowa 510), the reading of the instructions as a whole does not help matters any; for in that event it is an impossibility to tell which one of the two conflicting instructions the jury followed in arriving at their verdict.

In State v. Patrick, 201 Iowa 368, the trial court gave the following instruction:

"You are to try and determine this case according to the evidence produced and submitted to you in open court on this trial and the law given you in charge by the court in these instructions, and upon nothing else. "

We disapproved the instruction, saying:

"Complaint is lodged against this instruction in that it unduly limits the jury in the consideration of the case, as far as the evidence is concerned. It says, in words, that the case is to be determined according to the evidence produced and submitted in open court and the law given in charge by the court, and upon nothing else. We are disposed to think that this complaint has merit. The jury has the right not only to consider the evidence before it, but to consider the want or lack of evidence. It is entitled to consider

all fair and reasonable inferences and deductions which may be made from the evidence before it; but to say that it must consider only the evidence before it and the law as given by the court would apparently exclude from its consideration the above matter. If the instruction is to be given on a retrial of the case, it should be re-modeled in accordance herewith."

The foregoing quoted instruction in the instant case is the equivalent and almost identical with the instruction which we criticized and disapproved in the cited case. We cannot be consistent by disapproving the instruction in the one case and by not disapproving its equivalent in the other. I would reverse.