## STATE v. MABLE ASWELL AND JOE SMITH.

(Filed 23 March, 1927.)

**Criminal Law — Evidence—Fornication and Adultery — Prostitution— Husband and Wife—New Trials.**

> On a trial of the defendants for the criminal offense of prostitution, assignation, and fornication and adultery, mere neighborhood rumors are incompetent; and the wife may not testify to the acts and conduct of her husband, the codefendant, that tend to convict him of the crime charged.

CRIMINAL ACTION, before *Stack, J.,* at December Term, 1926, of GREENE.

The defendants were tried upon a warrant charging them with prostitution and assignation, and fornication and adultery. The cause was transferred to the county court of Greene County, and the defendants were convicted and appealed to the Superior Court. Upon trial in the Superior Court they were convicted and the defendant, Joe Smith, sentenced to work the public roads.

The evidence tended to show that the defendant, Joe Smith, had been a minister for sixteen years, serving churches in Wayne and Greene

counties; that he had been married for over thirty years. The defendant, Mable Aswell, was a member of the same church of which the defendant, Smith, was pastor. The husband of Mrs. Aswell died in 1924, and the defendant Smith and his wife went to live at the home of Mrs. Aswell, where they remained about three months during the year 1925, and thereafter moved away.

The evidence further tended to show that prior to the death of her husband the defendant, Mable Aswell, had been a respected and loved woman in her neighborhood.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*No counsel for defendants.*

BROGDEN, J. Exception No. 1 is to a portion of the testimony of a witness for the State as follows: "Soon after Joe Smith and wife came to live there, I spoke to him about a report that was circulated in the community. (Q.) What was the report? (A.) The people in the community said that it was improper for Joe Smith to live in the house with Mrs. Aswell."

Exception No. 2 was to the testimony of another State's witness as follows: "Soon after the death of Mr. John Aswell reports were circulated in the neighborhood. (Q.) What was this report? (A.) It was reported that he was frequently seen in company with Mrs. Aswell."

The defendants in apt time objected to the testimony, and it was admitted as evidence in the case.

The evidence objected to is no more than mere neighborhood rumor and community gossip, and was incompetent. *Hopkins v. Hopkins,* 132 N. C., 25; *S. v. Holly,* 155 N. C., 486; *S. v. Jeffreys,* 192 N. C., 190.

The third exception relates to testimony of the wife of the defendant, Joe Smith, who was asked the following question: "(Q.) What presents, if any, did Mrs. Aswell give your husband? (A.) Just before conference she gave to him a Ford automobile and a suit of clothes. (Q.) After you moved back to Wayne County did you ever see your husband in company with Mrs. Aswell? (A.) Yes, after we moved back to Wayne County Mrs. Aswell would often drive by our house, which was situated on the Goldsboro-Snow Hill Highway; she would blow and my husband would go out to the car and talk to her."

Even if this evidence had any probative value at all or constituted a link in a chain of circumstances, it would be inadmissible, for the reason that the wife cannot testify against the husband in a case of this sort. *S. v. Raby,* 121 N. C., 682; *Grant v. Mitchell,* 156 N. C., 15; *Powell v. Strickland,* 163 N. C., 393.

The Assistant Attorney-General, with his usual candor, confesses error in the particulars mentioned. Indeed, there was no evidence warranting a submission of this case to the jury, and the motion for nonsuit should have been allowed.

