STACY, C. J., dissenting; BROGDEN, J., dissenting opinion.
Criminal action in which the above-named defendants were tried upon their plea of not guilty to an indictment charging them with arson.
There was a verdict that defendant, John Freeman, is guilty, and that defendant, Dock Caudill, is not guilty, of the felony and arson charged in the indictment.
From judgment that he suffer death, as prescribed by statute (C. S., 4238) the defendant, John Freeman, appealed to the Supreme Court.
During the night of 23 July, 1928, the dwelling-house and barn of C. F. Sofley, in Yadkin County, North Carolina, were destroyed *Page 377 
by fire; at the same time the garage, located on his premises, near the dwelling-house and barn, was damaged by fire. Weeds growing near the garage were burned; the weather-boarding and roof of the garage were scorched, but the building was not destroyed.
There was evidence on behalf of the State tending to show that the fires which destroyed the dwelling-house and barn, and damaged the garage, were separate and distinct, and that each of said fires was of incendiary origin. The fires were first discovered by C. F. Sofley between 11 and 12 o'clock at night. He and his family had gone to bed at about 9 o'clock and were asleep when they were awakened by the fire which destroyed their home. The barn and garage were then on fire and burning.
There was evidence tending to show that gasoline had been used to start each of the fires. Witnesses for the State testified that they saw three men walking on the highway a short distance from Sofley's home on the night of the fire, about 30 minutes before the fire were discovered. These men pulled their caps down over their eyes and turned their heads as the witnesses, riding in an automobile, passed them. Neither of witnesses recognized the men, or was able to identify them or either of them. One of the witnesses was of the opinion that all three were white men.
Tracks near the barn and the garage were discovered the morning after the fire. Some of these tracks led away from the premises in the general direction of the home of Jack Hunt, which is at a distance of about a mile from the home of C. F. Sofley. A short time before the fire Jack Hunt had been arrested on a warrant, procured upon information furnished by C. F. Sofley, charging him with the unlawful sale of intoxicating liquor. Shoes were found at his home which fitted some of the tracks which were discovered on the premises of C. F. Sofley. Jack Hunt was arrested and at a previous term of the court had entered a plea of guilty to house-burning. He had been sentenced to serve a term of ten years in the State's prison upon this plea, and is now serving this sentence.
Upon the trial of the defendants in this action the State relied upon the testimony of Jack Hunt as evidence to sustain its contention that defendant, John Freeman, set fire to the dwelling-house; that defendant, Dock Caudill, set fire to the barn, and that the witness, Jack Hunt, set fire to the garage, and that they had set fire to the buildings pursuant to a conspiracy entered into by and between them to burn said buildings because C. F. Sofley had caused the arrest of Jack Hunt for selling liquor. The testimony of Jack Hunt, if believed, was amply sufficient as evidence to sustain the contentions of the State that both the defendants are guilty as charged in the indictment. *Page 378 
There was evidence of facts and circumstances which tended to support the testimony of Jack Hunt. Each of the defendants offered evidence in contradiction of the testimony of Jack Hunt. The evidence for each of the defendants tended to sustain his contention that he had not entered into a conspiracy with Jack Hunt to burn the buildings of C. F. Sofley, as testified by him, and that he was elsewhere when the buildings were burned.
All the evidence was submitted to the jury under instructions which are free from error. The court instructed the jury that they should consider the fact as testified by him that Jack Hunt was an accomplice of the defendants in the commission of the crime for which they were on trial, and that for this reason they should scrutinize his testimony with great care and not accept such testimony as evidence unless they found beyond a reasonable doubt that it was true. The instruction in this regard was in full compliance with the principles stated in S. v. Ashburn, 187 N.C. 717,122 S.E. 833. It was within the province of the jury to accept the testimony of Jack Hunt, in part, and to reject it, in part, and thus to convict the defendant, John Freeman, and to acquit the defendant, Dock Caudill. In the absence of error in the decisions of the trial court upon matters of law or legal inference, this Court is ordinarily without jurisdiction to grant a new trial to the defendant, John Freeman, upon his appeal from the judgment which is supported by the verdict. Constitution of N.C. Art., IV, sec. 8. The jury believed the evidence offered by the defendant, Dock Caudill, tending to establish his defense based upon an alibi, and rejected the evidence offered by the defendant, John Freeman, to establish a similar defense. This was within their province, and the judgment and verdict cannot be set aside and a new trial granted by this Court, in the exercise of its appellate jurisdiction, for the reason that we find no error in the record.
The defendant, John Freeman was at his home when he was arrested on a warrant charging him with arson. His wife was present at the time of the arrest, and in the presence of the officers said to him, "I told you, John, that you would get into it if you did not stay with me like I wanted you to do." He replied to her, "Hush."
Defendant's exception to the refusal of the court to sustain his objection to this evidence cannot be sustained. The objection was properly overruled upon the authority of S. v. Randall, 170 N.C. 757,87 S.E. 227. In the opinion in that case it is said that conversations between husband and wife are not privileged as confidential, so as to prevent a third person who overheard them, from relating them to the jury. The statute in this State (C. S. 1802), which provides that no husband or wife shall be compellable to disclose a confidential communication made *Page 379 
by one to the other during their marriage, and that neither shall be competent or compellable to give evidence against the other in a criminal action, has no application, for the reason that the conversation between defendant and his wife was not a confidential communication, and for the further reason that the wife did not undertake to give evidence against her husband as in S. v. Aswell, 193 N.C. 399, 137 S.E. 174, nor was she under cross-examination as a witness for her husband as in S. v. Adams,193 N.C. 581, 137 S.E. 657. Defendant's reply to the remark of his wife to him, made in the presence of the officers, was competent as evidence against him. The remark of his wife, taken together with his reply to her, was properly admitted as evidence. S. v. McKinney, 175 N.C. 784,95 S.E. 162.
The evidence upon the trial of this case was amply sufficient to sustain the conviction of both defendants and of the witness, Jack Hunt, for arson. Jack Hunt upon an indictment for arson tendered a plea of guilty of house-burning, which was accepted by the State. He is now serving a term in the State's prison. Defendant, Dock Caudill, was acquitted by the jury, and he has been discharged. Defendant, John Freeman, was convicted, and the judgment that he suffer death, from which he appealed, must be affirmed, for we find no error of law in his trial.
No error.
STACY, C. J., dissenting.
BROGDEN, J., dissenting opinion.