STATE v. BRADLEY WOODELL AND MARY B. CALLAHAN.

(Filed 19 May, 1937.)

**Fornication and Adultery § 4—**
    Evidence merely that defendants had an opportunity to commit the crime charged is insufficient to be submitted to the jury in a prosecution for fornication and adultery.

STATE *v.* WOODELL.

APPEAL by defendants from *Barnhill, J.,* at February Term, 1937, of ROBESON. Reversed.

This is a criminal action in which the defendants were tried on a warrant charging them with fornication and adultery.

From judgment on their conviction, both defendants appealed to the Supreme Court, assigning as error the refusal of the trial court to allow their motions for judgment as of nonsuit at the close of the evidence for the State.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*F. D. Hackett, Jr., and McLean & Stacy for defendants.*

PER CURIAM. Where the evidence for the State at the trial of a criminal action in which the defendants are charged with fornication and adultery, shows no more than that the defendants had opportunities to commit the crime, as in the instant case, on motion of the defendants, the action should be dismissed, and a verdict of not guilty entered. C. S., 4643.

The principle applicable to the evidence in this case is stated by *Walker, J.,* in *S. v. Prince,* 182 N. C., 788, 108 S. E., 330, as follows: "We may say generally that evidence should raise more than a mere conjecture as to the existence of the fact to be proved. The legal sufficiency of proof and the moral weight of legally sufficient proof are very distinct in the conception of the law. The first lies within the province of the court, the last within that of the jury. Applying the maxim, *de minimis non curat lex,* when we say that there is no evidence to go to the jury, we do not mean that there is literally and absolutely none, for as to this there could be no room for any controversy, but there is none which ought reasonably to satisfy the jury that the fact sought to be proved is established, though there is no practical or logical difference between no evidence and evidence without legal weight or probative force. The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances."

The judgment in this case is reversed to the end that a verdict of not guilty may be entered as provided by statute.

Reversed.