## STATE v. CHARLIE MILLER.

(Filed 19 October, 1938.)

1. **Criminal Law § 77e—When statement has become case on appeal by agreement, trial court is without authority to change it.**

   When the solicitor accepts service of case on appeal by defendant, and thereafter agrees that the statement as served should constitute the case on appeal, it becomes the case on appeal, C. S., 643, and, in connection with the record, may alone be considered in determining the rights of the parties, and motion by the State for *certiorari* to the end that the case on appeal may be corrected must be denied, the trial court being without authority to change the case on appeal fixed by agreement, even though regarded by him as erroneous.

2. **Fornication and Adultery § 2—Record evidence held insufficient to overrule nonsuit on charge of fornication and adultery.**

   The evidence appearing in the record on the charge of fornication and adultery that defendant and the woman in question were seen together in public places on numerous occasions, *is held* insufficient to overrule defendant's motion to nonsuit on the charge, C. S., 4343, it appearing from the case on appeal that other evidence relating to the charge was excluded on defendant's objection.

APPEAL by defendant from *Rousseau, J.,* at August Term, 1938, of WILKES.

Criminal prosecution on indictment for fornication and adultery. C. S., 4343.

Verdict: Guilty of fornication and adultery.

Judgment: Fifteen months in jail to be worked on the public roads under the supervision of the State Highway and Public Works Commission.

Defendant appeals to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Trivette & Holshouser and Whicker & Whicker for defendant, appellant.*

STATE *v*. MILLER.

WINBORNE, J. Is the defendant entitled to judgment as of nonsuit? On this record, Yes.

Defendant was charged in three separate bills of indictment with the crimes of (1) fornication and adultery with one Hazel Church, (2) prostitution and assignation and aiding and abetting prostitution and assignation, (3) public cursing. By consent, the three cases were consolidated for the purpose of trial. The jury acquitted defendant on the charges in the second and third bills of indictment. Following the imposition of sentence on verdict of guilty under the first bill, and notice of appeal given in open court, defendant, within the time allowed, presented to the solicitor of the judicial district for acceptance of service, and the solicitor accepted service of statement of case on appeal. Four days later the solicitor agreed that the statement as served should constitute the case on appeal to the Supreme Court.

At the call of appeals from the 17th Judicial District, on 28 September, 1938, the Attorney-General suggested a diminution of the record, and moved for *certiorari* to the end that the case on appeal might be corrected by the trial judge with respect to a ruling on evidence. The case on appeal shows that the State offered evidence tending to show that late one evening Sheriff Doughton discovered Hazel Church and the defendant in a tourist cabin—she in bed and he partially undressed; that defendant's objection to this testimony was sustained on the charge of fornication and adultery and using profane language, but overruled as to the other charges, and defendant excepted. The State contends that the trial judge overruled the objection as to the charge of fornication and adultery, but sustained it as to the other charges, and that, if permitted to do so, the trial judge will make the correction. The motion must be denied. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. The trial judge 'is without authority to change the appellant's case on appeal, though regarded by him as erroneous, when that case has become the case on appeal. Under C. S., 643, if the case on appeal as served by the appellant be approved by the respondent or appellee, it becomes the case and a part of the record on appeal, and, in connection with the record, may alone be considered in determining the rights of the parties involved in the appeal. *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85; *S. v. Palmore,* 189 N. C., 538, 127 S. E., 599; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602; *S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97; *S. v. Moore, supra.*

The appeal must be heard and determined on the agreed case appearing in the record. In that respect the Attorney-General frankly concedes that the sufficiency of the evidence to take the case to the jury on the charge of fornication and adultery depends upon the admissibility

of the evidence of Sheriff Doughton, which the record shows was excluded on defendant's objection. Without it, the evidence is insufficient to support the verdict. The rest of the evidence to sustain the court's denial of motion for judgment as of nonsuit consists of instances where witnesses saw the defendant and Hazel Church together, sometimes by day and sometimes by night, but always on the street or in public places or in the defendant's truck, but not under circumstances tending to show conduct condemned by the statute on fornication and adultery. C. S., 4343.

The judgment below is

