## STATE v. GRADY GORDON.

(Filed 17 December, 1945.)

### 1. Criminal Law § 52b—

In passing upon a motion for judgment as of nonsuit in criminal prosecutions, the evidence must be considered in the light most favorable to the State, and when so considered the court must determine whether or not there is any competent evidence to support the allegations in the warrant or bill of indictment.

### 2. Same—

In a criminal prosecution the evidence must show more than an opportunity to commit the offense, and should raise more than a suspicion or mere conjecture as to the existence of the fact to be proved.

### 3. Fornication and Adultery § 3—

Where the evidence for the State, in a prosecution for fornication and adultery, tended to show that defendant and his wife lived in a one-room house, about fourteen by twenty-six feet, and the other woman in the case, whose husband was in the Navy, came with her five children to live with them because she had no other place to stay, and that defendant and this woman were seen together constantly. sometimes accompanied by defendant's wife, and that late at night the officers went to defendant's house and heard defendant say, "you believe I hugged that woman," and the answer "yes," and the officers saw defendant in a crouching position over the bed where the woman was and on entering the room found defendant on a pallet and his wife and the other woman in different beds with several children in the beds and on the pallet, there is insufficient evidence for the jury and motion for judgment as of nonsuit should have been allowed.

APPEAL by defendant from *Alley, J.,* at August Term, 1945, of DAVIDSON.

The defendant was convicted in the recorder's court of Denton, on a warrant charging him with fornication and adultery with one Eunice Jordan, and with occupying a building for the purpose of prostitution. The defendant appealed to the Superior Court and was tried *de novo*.

The evidence offered by the State is substantially as follows: The defendant and his wife lived in a one-room house, about fourteen feet wide and twenty-six feet long. Eunice Jordan and her five children lived in a house about 150 yards from the home of the defendant. The husband of Eunice Jordan is in the Navy. A short time before the defendant was arrested, Eunice Jordan and her five children moved into the home of the defendant. The defendant stated to the officers that the reason Eunice Jordan and her children were living with him, "his wife went and got her and moved her in the house . . . she didn't have any other place to stay." The defendant and Eunice Jordan were seen together a number of times in a cafe in Thomasville and in other public places as well as in private homes. None of the State's witnesses testified to any improper conduct on the part of the defendant and Eunice Jordan on any of these occasions. Sometimes they were accompanied by the defendant's wife.

About 12:30 a.m., on 26 June, 1945, the officers went to the home of the defendant. Some of them testified the room was dark and they could not see anything, but heard the defendant say "You believe I hugged that woman?" The answer was "Yes." One officer testified he went around to the east window of the room and saw the defendant in a crouching position over the bed where they found Eunice Jordan, and it "looked like he might have been on his knees," and that he heard the statement quoted above. When the officers knocked on the door the defendant let them in, and then laid down on a pallet. They found the defendant's wife in one bed, Eunice Jordan and two of her children in another, and defendant and three of the Jordan children on pallets, all in the same room.

At the close of the State's evidence, the defendant moved for judgment as of nonsuit on both counts in the warrant. Motion was allowed on the second count, which charged the defendant with occupying a building for the purpose of prostitution. The defendant offered no evidence.

Verdict: Guilty. Judgment: Imprisonment in the common jail of Davidson County for nine months, to be assigned to do labor under the supervision of the State Highway and Public Works Commission. The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Phillips & Bower for defendant.*

DENNY, J.   The question for determination on this appeal is whether the defendant's motion for judgment as of nonsuit should have been sustained as to both counts in the warrant.

It is well settled with us that in passing upon a motion for judgment as of nonsuit in criminal prosecutions, the evidence must be considered in the light most favorable to the State, and when so considered the Court must determine whether or not there is any competent evidence to support the allegations in the warrant or bill of indictment. *S. v. Herndon,* 223 N. C., 208, 25 S. E. (2d), 611; *S. v. McKinnon,* 223 N. C., 160, 25 S. E. (2d), 606; *S. v. Todd,* 222 N. C., 346, 23 S. E. (2d), 47; *S. v. Woodard,* 218 N. C., 572, 11 S. E. (2d), 882; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321; *S. v. Hammonds,* 216 N. C., 67, 3 S. E. (2d), 439; *S. v. Landin,* 209 N. C., 20, 182 S. E., 389; *S. v. Marion,* 200 N. C., 715, 158 S. E., 406.

We think the evidence adduced in the trial below is insufficient to support the verdict. The defendant may be guilty of the crime charged, but the evidence shows no more than an opportunity to commit the offense. The circumstances disclosed may be sufficient to raise a suspicion, but the evidence should raise more than a suspicion or mere conjecture as to the existence of the fact to be proved. *S. v. Prince,* 182 N. C., 788, 108 S. E., 330. The facts here are substantially different from those in *S. v. Davenport, ante,* 13, 33 S. E. (2d), 136, and similar cases cited by the State. Davenport and his paramour were constantly together day and night, on the streets or in one of his several homes, and when arrested late at night in one of these homes, no other persons were occupying the house and they came out of the same bed-room. There was but one room in Grady Gordon's house and it was occupied by eight people, including his wife.

The defendant's motion for judgment as of nonsuit should have been allowed. *Barker v. Dowdy,* 224 N. C., 742, 32 S. E. (2d), 265; *S. v. Todd, supra; S. v. Miller,* 214 N. C., 317, 199 S. E., 89; *S. v. Woodell,* 211 N. C., 635, 191 S. E., 334; *S. v. Aswell,* 193 N. C., 399, 137 S. E., 174; *S. v. Prince, supra; Hopkins v. Hopkins,* 132 N. C., 25, 43 S. E., 506.

The judgment of the court below is
Reversed.