ALBERTA C. OWENS v. JOHN R. OWENS

No. 7515DC820

(Filed 17 March 1976)

1. **Divorce and Alimony § 16— alimony — adultery pled in bar — necessity for finding of fact**

    Where adultery is pleaded in bar in an action for alimony or alimony *pendente lite*, an award will not be sustained in the absence of the finding of fact on the issue of adultery in favor of the party seeking the award. G.S. 50-16.6(a).

2. **Divorce and Alimony § 14— adultery — proof by circumstantial evidence — proof of opportunity and inclination not required**

    Adultery may be proven by circumstantial evidence, the evidence must be more than that which raises a suspicion or conjecture, and it must show more than mere opportunity; however, there is no rule of law requiring circumstantial evidence of both opportunity and inclination to prove adultery.

3. **Divorce and Alimony § 17— alimony — adultery pled in bar — sufficiency of evidence for jury**

    In an action for divorce from bed and board and alimony where defendant pled adultery of plaintiff in bar, the trial court erred in failing to submit the issue of adultery by plaintiff to the jury on defendant's evidence that plaintiff was living with another man.

APPEAL by defendant from *Paschal, Judge.* Judgment entered 22 April 1975 in District Court, ALAMANCE County. Heard in the Court of Appeals 10 February 1976.

The plaintiff, Alberta Owens, initiated this action for divorce from bed and board, and for temporary and permanent alimony. She alleged abandonment, adultery, cruelty, and defendant's offering of indignities. In his answer defendant denied the allegations of adultery and alleged that plaintiff had committed adultery with Raymond Charles Green. It was stipulated that at trial plaintiff offered sufficient evidence from which the jury could conclude that defendant committed adultery. Defendant offered the testimony of Jackie Baize, operator of a store near plaintiff's residence, which tended to show that Raymond Green was "living with" plaintiff in October and November of 1973; that each morning Green left the house about 8:00 a.m.; that sometimes they left together; that the two were seen together buying clothes.

Plaintiff testified that in October 1973 she and defendant were negotiating with Green for the purchase of Cane Mountain

Resort, where plaintiff was living; that she and Green slept in separate bedrooms and never had sexual intercourse; that defendant was aware of Green's stay in the house and continued negotiations with him.

The trial court did not submit the issue of adultery by plaintiff to the jury, but the jury found that plaintiff was a dependent spouse and that defendant had committed adultery. The court made the following findings of fact with regard to alimony in substance as follows:

(1) Defendant is able-bodied and capable of earning money.

(2) His income in 1973 was $20,000, but he is now unemployed.

(3) He owns 104,000 shares of Cane Mountain Resort stock. (230,000 shares outstanding.)

(4) In October 1973 the resort was sold to Raymond Green for $300,000, Green executing a note to the Corporation for $265,000, secured by a deed of trust on the resort property.

(5) Green was defaulted on the note, and the deed of trust is currently being foreclosed.

(6) Defendant's father, owner of substantial property, died during the trial, and thus "it is probable that the plaintiff will inherit a portion of his father's estate."

From the judgment awarding counsel fees and a lump sum of $75,000, defendant appeals.

*Smith, Patterson, Follin, Curtis & James by Marion G. Follin III; Latham, Wood & Cooper by James F. Latham for plaintiff appellee.*

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, P.A., by James R. Van Camp and Bruce T. Cunningham, Jr., for defendant appellant.*

CLARK, Judge.

[1] Where adultery is pleaded in bar in an action for alimony or alimony pendente lite, an award will not be sustained in the absence of the finding of fact on the issue of adultery in favor of the party seeking the award. G.S. 50-16.6(a) ; *Foster v. Foster,* 25 N.C. App. 676, 214 S.E. 2d 264 (1975).

In support of the trial court's ruling that the evidence of adultery by the plaintiff was not sufficient to submit to the jury, plaintiff contends that the defendant offered evidence of opportunity but not inclination, and relies on the following statement in *Hicks v. Hicks,* 4 N.C. App. 28, 35, 165 S.E. 2d 681, 686, reversed on other grounds, 275 N.C. 370, 167 S.E. 2d 761 (1969) :

> ". . . It is settled that, where circumstantial evidence is relied upon to establish adultery, there must be evidence of both inclination and opportunity on the part of the party charged. 1 Lee, N. C. Family Law, § 65, p. 262. . . . "

In support of this proposition of law *Lee* cites several treatises, Including Nelson, Divorce and Annulment (2d Ed.).

In Nelson, *supra,* § 5.14 it is stated:

> "One of the factors necessary to making out a case of adultery by circumstantial evidence is proof of adulterous disposition or inclination to commit adultery. Such a disposition or inclination may be indicated by a habit of fondling women generally, consorting with prostitutes, illicit relationship with the same person prior to marriage, or that the correspondent is a former spouse of the party charged."

But in § 5.15 the following appears:

> "It has been held, repeatedly, that it is not sufficient to prove adultery that there was more or less ample opportunity for it to occur. But opportunity plus other improper circumstances indicative of the offense, such as occupancy of the same room or same bed at night, may well, unexplained, lead to a finding of adultery."

Both 27A C.J.S., Divorce, § 139 (2) b and 24 Am. Jur. 2d, Divorce and Separation, § 369 substitute "adulterous disposition" for "inclination." In 27A C.J.S., *supra,* at 480, it is stated: "In the absence of evidence of an adulterous inclination, proof of opportunity to commit adultery is not sufficient to establish the offense, *unless it occurs under incriminating circumstances.*" (Emphasis added.)

It appears from the language used in Nelson, *supra,* § 5.15 that "opportunity plus other improper circumstances indicative of the offense," and from the language used in 27A C.J.S., *supra,* at 480, that "proof of opportunity to commit adultery is

not sufficient . . . unless it occurs under incriminating circumstances" do not sustain the hard and fast rule of law that if circumstantial evidence is relied on to establish adultery there must be evidence of both inclination and opportunity. Further, an examination of the cases cited by Nelson reveals that in many of them circumstantial evidence of adultery was held to be sufficient though there was no evidence of inclination or adulterous disposition. See *Keyes v. Keyes,* 252 Miss. 138, 171 So. 2d 489 (1965); *Poole v. Poole,* (La. App.), 189 So. 2d 75 (1966).

[2]  An examination of the cases in North Carolina, both civil and criminal, reveals that adultery may be proven by circumstantial evidence, that the evidence must be more than that which raises a suspicion or conjecture, and must show more than a mere opportunity. *State v. Davis,* 229 N.C. 386, 50 S.E. 2d 37 (1948); *State v. Gordon,* 225 N.C. 757, 36 S.E. 2d 143 (1945); *State v. Davenport,* 225 N.C. 13, 33 S.E. 2d 136 (1945); *State v. Woodell,* 211 N.C. 635, 191 S.E. 334 (1937); *Burroughs v. Burroughs,* 160 N.C. 515, 76 S.E. 478 (1928); *Warner v. Torrence,* 2 N.C. App. 384, 163 S.E. 2d 90 (1968). We do not find in any of these cases any rule of law requiring circumstantial evidence of both opportunity and inclination to prove adultery, except the above-quoted dicta in *Hicks, supra.* We do not overrule *Hicks* but repudiate the quoted dicta.

[3]  We consider it unwise to adopt general rules as to what will or will not constitute proof of adultery, but the determination must be made with reference to the facts of each case. In some cases evidence of opportunity and incriminating or improper circumstances, without evidence of inclination or adulterous disposition, may be such as to lead a just and reasonable man to the conclusion of adulterous intercourse. *State v. Davenport, supra.* If so, the evidence should be submitted on an issue of adultery to the jury so that it may judge the probative force of the evidence.

*Sub judice,* the evidence of adultery is conflicting, but we find it is sufficient to be submitted to the jury on the issue of plaintiff's adultery, and the failure of the trial court to do so is error.

In awarding alimony in the lump sum of $75,000, it appears that the trial court based the award on earning capacity without finding that defendant had disregarded his material obliga-

tion to support his wife, on the shares of stock in a possibly defunct corporation without finding the value of the stock, and on the possibility of the defendant's inheriting property from his father. We must remand for a new trial, which will include the determination of alimony and counsel fees, if appropriate, based on appropriate findings of fact. We order a

New trial.

Judges MORRIS and VAUGHN concur.