LINDA D. HORNEY v. JAMES D. HORNEY

No. 8118DC642

(Filed 6 April 1982)

**Divorce and Alimony § 14.3— insufficient evidence of adultery**

The evidence in a divorce action was insufficient to support a jury finding that defendant husband had committed adultery where it tended to show only that the husband had been alone with another woman on a few occasions in her office and once or twice at her home, but there was no evidence of feelings of love or of affectionate behavior between the two or that they were found together very late at night, in a state of undress or under otherwise suspicious circumstances.

APPEAL by defendant from *Hatfield, Judge.* Judgment entered 2 September 1980 in District Court, GUILFORD County. Heard in the Court of Appeals 12 February 1982.

This is an action for divorce on grounds of adultery, infliction of indignities and constructive abandonment. The jury found for defendant husband on the issues of indignities and abandonment, and for plaintiff wife on the issue of adultery. Defendant appeals.

Plaintiff's evidence tended to show that the husband had a friendly relationship with one Rebecca Johnson and that the two were alone together on several occasions in Ms. Johnson's office and on at least one occasion at Ms. Johnson's home. Ms. Johnson made telephone calls to defendant when he was out of town on business and admitted in her testimony that they were friends, but denied being in love with defendant or having a sexual relationship with him. The wife testified that the husband was often absent from home on Saturday afternoons prior to the parties' initial separation in 1979. After the parties reconciled a few months later, the husband refused to sleep with the wife and was often away in the evenings. There was also evidence that the husband physically abused the wife and once offered her $10,000 if she would "let him see his girl friend."

Defendant's evidence was that he stopped sleeping with his wife because of her "tantrums." He testified that he had not committed adultery and that he had not offered his wife money to allow him to see a girl friend.

*Walker, Dowda, Ray & Warren, by Perry N. Walker and J. Bruce Morton, for plaintiff appellee.*

*Lunsford and West, by John W. Lunsford, for defendant appellant.*

ARNOLD, Judge.

Defendant brings forward numerous assignments of error relating to the admissibility of certain evidence. While we find it unnecessary to reach these contentions in the disposition of defendant's appeal, we note at the outset that we have considered each of them and found them to be without merit. Nevertheless, while we hold that there was no error in the admission of various circumstantial evidence, and although we recognize that

circumstantial evidence may be sufficient to support a finding of adultery, we conclude that there was insufficient evidence to support the verdict in the case before us.

As plaintiff wife correctly points out, there exists no clear standard for determining the sufficiency of proof of adultery. Indeed, even the doctrine of "inclination and opportunity," which has been the rule most often cited by the courts, has been subjected to exceptions and conflicting interpretations. *See Owens v. Owens,* 28 N.C. App. 713, 222 S.E. 2d 704 (1976). The Court is concerned that this lack of a clear standard has resulted in precisely that which this Court and our Supreme Court have repeatedly held to be impermissible — trial by "suspicion and conjecture." *State v. Gordon,* 225 N.C. 757, 36 S.E. 2d 143 (1945); *Owens v. Owens, supra.*

The difficulty inherent to obtaining evidence of the existence of a supremely private relationship, particularly in view of the complaining spouse's disability to testify thereto, has led to almost wholesale jury discretion in this area of the law. In *Owens, supra,* for example, this Court held that the issue should have been submitted to the jury in spite of a total absence of evidence indicating "adulterous disposition" where the accused wife slept in the same house with another man. It appears, therefore, that opportunity alone may now be sufficient to support a jury verdict of adultery if the opportunity is great enough. In *Owens,* evidence that the two sometimes left the house at the same time and that they were seen shopping together was found sufficient to suggest the requisite "incriminating circumstances."

Given the highly emotional nature of the subject matter, and the degree to which individual jurors' attitudes regarding propriety may vary, we feel a more definite line must be drawn between permissible inference and mere conjecture. In the case at bar, the husband was shown to have been alone with another woman on a few occasions in her office and once or twice at her home. There was no evidence showing that they were found together very late at night, in a state of undress or under otherwise suspicious circumstances. Nor was there any evidence of feelings of "love" or of affectionate behavior between the two. All we apparently have are bits and pieces of circumstantial evidence from which the jury concluded that an adulterous affair had taken

place. We cannot find that this was enough evidence on which to adjudicate the parties' legal rights. Indeed, to hold otherwise would be to subject virtually all friendships between men and women, however innocent, to legal scrutiny.

We find it ironic that the same jury which found the evidence sufficient to conclude defendant committed adultery found defendant did not inflict indignities on his wife. We fail to see, on the facts of this case, how the evidence could have supported the issue on adultery without dictating a finding that he also offered such indignities as to render plaintiff's life intolerable. However, plaintiff has failed to raise the issue of indignities on appeal and we cannot properly consider it.

Having concluded that the trial court erred in denying defendant's motion for a directed verdict on the question of adultery, the defendant is entitled to have that portion of the judgment vacated and reversed. The judgment in all other respects is affirmed.

Reversed in part and affirmed in part.

Judges CLARK and WHICHARD concur.