GEORGIA MARIE WALLACE v. BRUCE EVANS WALLACE

No. 8321DC1098

(Filed 18 September 1984)

**Divorce and Alimony § 16.6— adultery—opportunity and inclination required**

In order to establish adultery the evidence, whether circumstantial or direct, must tend to show both opportunity and inclination to engage in sexual intercourse, and when the evidence shows no more than an opportunity, an issue of adultery should not be submitted; therefore, the trial court in an action for alimony erred in denying defendant's motion for directed verdict where plaintiff's evidence supported only an inference that defendant on three occasions had an opportunity to engage in adulterous conduct, but allowed no reasonable inference of inclination on defendant's part to engage in such conduct.

APPEAL by defendant from *Alexander, Judge*. Judgment entered in FORSYTH County District Court 20 May 1983. Heard in the Court of Appeals 22 August 1984.

Plaintiff wife brought an action against defendant husband for alimony, alleging indignities and adultery on the part of defendant. At trial, plaintiff's evidence as to the alleged indignities and adultery consisted of plaintiff's testimony and the testimony of H. D. Hemmings, a private investigator employed by plaintiff.

Plaintiff's evidence, in pertinent part, tended to show the following events and circumstances. Plaintiff and defendant were married in 1954 and lived together until 6 January 1982, when defendant left their home in Winston-Salem and moved to a farm owned by them near East Bend, in Yadkin County. After being hospitalized for alcoholism and psychiatric treatment, defendant returned about 15 March 1982 to the parties' Winston-Salem resi-

dence. Defendant moved out again about 4 April 1982. Prior to their separation, defendant had been chronically addicted to alcohol, and more recently, had developed problems from the use of tranquilizers. Defendant often withdrew himself from plaintiff's company and verbally abused plaintiff.

Plaintiff employed detective Hemmings, informing Hemmings that defendant might be found at their East Bend farm or at a condominium defendant owned in Asheville. Plaintiff provided photographs of defendant and information about defendant's automobile to Hemmings. Hemmings began surveillance of defendant in the early morning hours of 6 April 1982 by going to defendant's farm at East Bend. There, Hemmings observed defendant's car and another car, later determined to be owned by a female person, not defendant's wife. Defendant and the woman were seen leaving the farm house at about 10:30 a.m. on 6 April. Hemmings followed them to a Winston-Salem residence, arriving there about 10:56 a.m., where they stayed until about 12:47 p.m. Defendant and the woman then went to a Winston-Salem restaurant, where they stayed until 1:26 p.m. On 7 April 1982, Hemmings observed defendant enter a motel in Asheville, then later observed the same woman he had seen with defendant on 6 April enter the same motel. He also observed defendant and the woman drive together to the Asheville airport and to an Asheville restaurant. Defendant's car and the woman's car remained at the motel throughout the night of 7 April. On the evening of 25 April 1982, Hemmings observed defendant enter his Asheville condominium. The same woman later entered the condominium. The next morning, defendant left the condominium at about 8:37 a.m. and the woman left the condominium at about 9:50 a.m.

The jury answered the issue of indignities "No," for defendant, and answered the issue of adultery "Yes," against defendant.

Following a hearing on needs and capacity, the trial court found plaintiff to be a dependent spouse, defendant to be the supporting spouse, and awarded plaintiff substantial alimony.

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, Daniel E. O'Toole, and Randolph M. James, for plaintiff.*

*Clyde C. Randolph, Jr. and David F. Tamer, for defendant.*

WELLS, Judge.

The sole issue we decide in this case is whether the trial court erred in failing to grant defendant's motion for a directed verdict on the issue of adultery. We decide this issue in defendant's favor and reverse.

The difficult issue of adultery has been the subject of two recent opinions of this court.

In *Owens v. Owens*, 28 N.C. App. 713, 222 S.E. 2d 704, *disc. rev. denied*, 290 N.C. 95, 225 S.E. 2d 324 (1976), defendant husband asserted a defense of adultery to plaintiff wife's claim for alimony. Defendant's evidence tended to show that plaintiff wife had lived with another man for two months. The trial court refused to submit an issue as to plaintiff wife's adultery. In reversing, the *Owens* court discussed at some length conflicts among the authorities on the level of proof required to establish adultery, concluding that while adultery may be proven by circumstantial evidence, such evidence must be more than that which raises a suspicion or conjecture and must show more than mere opportunity. The court summed up its holding as follows:

> We consider it unwise to adopt general rules as to what will or will not constitute proof of adultery, but the determination must be made with reference to the facts of each case. In some cases evidence of opportunity and incriminating or improper circumstances, without evidence of inclination or adulterous disposition, may be such as to lead a just and reasonable man to the conclusion of adulterous intercourse. . . . If so, the evidence should be submitted on an issue of adultery to the jury so that it may judge the probative force of the evidence. [Citation omitted.]

In *Horney v. Horney*, 56 N.C. App. 725, 289 S.E. 2d 868 (1982), plaintiff wife, in her action for divorce, asserted adultery on the part of defendant husband. Plaintiff wife's evidence tended to show that defendant husband had a friendly relationship with another woman, with whom he was alone together on several occasions in the woman's office and on at least one occasion in the woman's home; defendant husband refused to sleep with plaintiff wife and was often away in the evenings; and defendant husband once offered plaintiff wife $10,000.00 if she would let him see his

girl friend. The jury found the issue of adultery in favor of plaintiff wife. In reversing, the court in *Horney* recognized that circumstantial evidence may be sufficient to support a finding of adultery, but concluded that the lack of a clear evidentiary standard in such cases had resulted in trial by "suspicion and conjecture." The court's comments in *Horney* upon *Owens v. Owens*, *supra*, can only be regarded as placing *Owens* in the trial by "suspicion and conjecture" category.[1]

Following its discussion of what it perceived to be the unsatisfactory state of affairs in the law of adultery, the court in *Horney* concluded:

> Given the highly emotional nature of the subject matter, and the degree to which individual jurors' attitudes regarding propriety may vary, we feel a more definite line must be drawn between permissible inference and mere conjecture. In the case at bar, the husband was shown to have been alone with another woman on a few occasions in her office and once or twice at her home. There was no evidence showing that they were found together very late at night, in a state of undress or under otherwise suspicious circumstances. Nor was there any evidence of feelings of "love" or of affectionate behavior between the two. All we apparently have are bits and pieces of circumstantial evidence from which the jury concluded that an adulterous affair had taken place. We cannot find that this was enough evidence on which to adjudicate the parties' legal rights. Indeed, to hold otherwise would be to subject virtually all friendships between men and women, however innocent, to legal scrutiny.

It is our opinion that this attempt by the court in *Horney* to draw a more definite line, while commendable, failed to achieve that degree of certainty required in such cases. For instance, the suggestions in *Horney* that "being found together very late at night" or "under otherwise suspicious circumstances" might provide the basis for a finding of adultery, still leaves far too much to conjecture. We cannot agree that in modern society, where

---

1. Judge Clark, who wrote the opinion in *Owens v. Owens*, 28 N.C. App. 713, 222 S.E. 2d 704, *disc. rev. denied*, 290 N.C. 95, 225 S.E. 2d 324 (1976), concurred in *Horney v. Horney*, 56 N.C. App. 725, 289 S.E. 2d 868 (1982).

adult persons follow widely diverse schedules of work and other activities throughout the day and night, that being alone together late at night is any more or less significant than being alone together at any other time. A standard incorporating "otherwise suspicious circumstances" tends to make the line less, not more, definite.

We are persuaded that the "more definite line" needed to be drawn in adultery cases is to require that in order to establish adultery, the evidence, whether circumstantial or direct, must tend to show both opportunity and inclination to engage in sexual intercourse and that when the evidence shows no more than an opportunity, an issue of adultery should not be submitted.

In this case, taking plaintiff's evidence as true, considering such evidence in the light most favorable to plaintiff and giving plaintiff the benefit of every reasonable inference to be drawn from that evidence, *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982), we hold that plaintiff's evidence supports only an inference that defendant on three occasions had an opportunity to engage in adulterous conduct, but allows no reasonable inference of inclination on defendant's part to engage in such conduct. Under these circumstances, it was error for the trial court to deny defendant's motion for a directed verdict. Accordingly, the judgment below must be and is

Reversed.

Chief Judge VAUGHN and Judge HEDRICK concur.